OLIVER STAPLES *vs.* CHARLES WALMSLEY, Town Treasurer of Lincoln.

PROVIDENCE—JUNE 8, 1905.

PRESENT: Douglas, C. J., Blodgett and Johnson, JJ.

(1) *Municipal Corporation. Contracts. Ultra Vires.*

An executory contract by an overseer of the poor on behalf of a town, whereby the town obligated itself to furnish the plaintiff a certain quantity of milk for a stated period at a fixed price, is not a contract necessary or convenient for the transaction of the business of the town under the provisions of Gen. Laws cap. 36, sec. 2.

ASSUMPSIT. Heard on petition of plaintiff for new trial, and petition denied.

JOHNSON, J. This is an action on the case in assumpsit, brought by Oliver Staples against the town of Lincoln for breach of a contract, which reads as follows:

"Town of Lincoln, Office of Overseer of the Poor, P. O. Address Lonsdale, R. I. April 1st, 1902.

"This is to certify that the town of Lincoln, Poor Dept., agrees to sell to Oliver Staples, beginning April 1st 1902, and until April 1st, 1903, ten ten-quart cans of pure milk per each day and as much more as we can spare; and that said Oliver Staples agrees to call at the Town Farm and take said amount of milk each day for said stated time; and said Oliver Staples shall on or before the 20th of each month pay for said milk at

the rate of 35 cts per each ten-quart can. The bills to be rendered to the 16th of each month.

"Signed & agreed to this 2 day of April, 1902.

"Thos. B. Maymon, Overseer of Poor,
"Oliver Staples.

"In presence of witness Thos. H. Leach."

Jury trial was waived, and the case was heard in the Appellate Division of the Supreme Court by a single justice.

The evidence shows that under the contract the plaintiff continued to receive milk until about December 13, 1902, when all the cows were by the United States authorities placed in quarantine and were subsequently killed, under suspicion of having foot and mouth disease; that the plaintiff received no more milk under said contract after December 13, 1902, and claims damages from the town of Lincoln for the refusal of the poor department to furnish him milk thereafter, in consequence of which he suffered pecuniary loss.

September 22, 1904, the presiding justice rendered a decision for the defendant on the ground that the contract in question was not one which the town was capable of making.

The plaintiff petitions for a new trial on the following grounds:

"1st. That said decision is against the evidence and the weight thereof.

"2nd. That said decision is against the law.

"3d. That the presiding justice erred in his rulings of law, duly excepted to by the plaintiff at the trial of said cause.

"4th. That the presiding justice erred in his conclusions of law as embodied in the opinion rendered by him in said cause."

The plaintiff claims that the contract in question is not in terms restricted to milk produced upon the poor farm of the town of Lincoln, but is an absolute agreement and undertaking of said town to sell and deliver a certain quantity of pure milk, and in no manner specifies that said milk is to be produced upon said farm.

The defendant claims that it is under no liability in this action, because, admitting the contract to be that of the town, its further performance after December 13, 1903, was excused

by the impossibility of performance by act of God and by operation of law; and further, that the contract was not that of the town.

If the contract was not that of the town, it will not be necessary to consider the effect upon it of the quarantining and killing of the cows.

(1)     Gen. Laws, cap. 36, § 2, provides that: "Towns may take, purchase and hold real and personal estate, and alienate and convey the same; and may also take, hold and manage the same in trust for any charitable other than religious uses, and may make all contracts necessary and convenient for the transaction of the business of the town."

It becomes necessary, therefore, in passing on the validity of a contract made by a town, to consider whether it is a contract that relates to the transaction of the business of the town, and, if so, whether it is a contract necessary and convenient for the transaction of such business.

Gen. Laws, cap. 36, § 4, provides: "Towns may, at any legal meeting, grant and vote such sums of money as they shall judge necessary:—  .  .  .

"For the support and maintenance of the poor, and the purchase, erection and repair of proper buildings for the accommodation of the same, as well as for the purchase of proper sites for such buildings, and, if they judge expedient, of farms or farm lands, for the employment and support of paupers and others chargeable to them."

Under the above provisions of the statutes, the right of a town to carry on a poor farm as a part of its business arrangements for the support of its poor is clear. It follows that the town can do and perform the things necessary for the proper and successful management of such poor farm, such as raising crops, keeping cows, and producing milk. If it has a surplus of any of its products after supplying the needs of its poor, it has the right to dispose of the same. We see nothing in the making and selling of milk by the town, under such circumstances, which is not clearly within its power.

The power of the town, however, to make an executory agreement which would obligate it to furnish a certain quantity

of a certain article daily for the period of a year, and to furnish it whether it produced it on its poor farm or not, is an entirely different power. Such a power would enable a town to enter into a contract requiring the purchase and delivery by it, for a future period, of articles, the prices of which would be subject to change; would enable it to enter upon business enterprises on a parity with individuals and with the same chances of gain or loss.

"It is a general and undisputed proposition of law that a *municipal corporation possesses and can exercise the following powers, and no others:* First, those granted in *express words;* second, those *necessarily or fairly implied* in or *incident* to the powers expressly granted; third, those *essential* to the declared objects and purposes of the corporation—not simply convenient, but indispensable." Dillon Mun. Corp. 4th ed. § 89.

The contract in question is not, in our opinion, one which is necessary or convenient for the transaction of the business of the town.

As the contract is one which the town itself had no power to make, it is not necessary to consider the question of the power of the overseer of the poor to bind the town.

Petition for new trial denied. Judgment for defendant, in accordance with the decision.

*Page & Page & Cushing,* for plaintiff.
*Charles R. Easton,* for defendant.