PETITION OF PATRICK W. BAXTER for a Writ of *Certiorari.*

The ordinance of the city of Providence prohibiting the opening of shops, &c., on Sunday, is void because inconsistent with the Sunday laws of the State.

*December* 1, 1877. DURFEE, C. J. The petitioner was convicted in the Municipal Court of the City of Providence upon a complaint charging him with opening his shop, store, and place of trade and entertainment, on Sunday, he being the keeper thereof, in violation of an ordinance of the city forbidding it. The record of the conviction has been brought before us by a writ of *certiorari*, and we are asked for several reasons to set it aside as void.

We think the conviction ought to be set aside, because the ordinance in respect of the clause of it under which the conviction was obtained is inconsistent with the statute law of the State, and

therefore void. The statute, Gen. Stat. R. I. cap. 35, § 22, provides that " no ordinance or regulation whatsoever, made by a town council, shall impose, or at any time be construed to continue to impose, any penalty for the commission or omission of any act punishable as a crime, misdemeanor, or offence, by the statute law of the State." The statute, Gen. Stat. R. I cap. 232, § 17, subjects to a penalty any person who does any labor, or business, or work of his ordinary calling, or uses any recreation on Sunday, works of necessity and charity only excepted. The prohibition covers the opening of any shop, store, or place of trade or entertainment, by its keeper, for business on Sunday, and consequently covers the act of which the petitioner has been convicted. It is said the ordinance may be construed to cover an opening for pleasure or idle resort, and may, therefore, be applied so as not to come into any conflict with the statute. Even in that view, however, it is by no means clear that the opening would not be a recreation, and punishable as such under the statute. But we do not think the ordinance is to be so construed. What is understood or meant in common parlance, when it is said that a person has opened his shop, is, that he has opened it as a shop or place of business. We think the language, as used in the ordinance, is to be understood in the same manner. This view is supported by the context of the prohibition, which relates to business, not to Sunday idling or recreation.

We direct that the conviction be set aside and the complaint quashed.            *Order accordingly.*

*John M. Brennan*, for petitioner.

*Stephen A. Cooke, Jr.*, Assistant City Solicitor of Providence, *contra.*