# PROVIDENCE COUNTY.

### STATE *vs.* BERNARD McCULLA.

Pub. Laws R. I. cap. 580, of March 17, 1865, was repealed by cap. 495, of April 23, 1885. Hence penalties for violation of municipal regulations made under cap. 580 cannot be enforced. Cap. 495 covers the subject matter of cap. 580, and provides a statutory penalty.

EXCEPTIONS to the Court of Common Pleas.

*April* 14, 1888. STINESS, J. This complaint, charging the defendant with neglecting to remove a privy vault, declared by the board of aldermen to be a nuisance, was brought in the Police Court of the city of Providence, pursuant to an ordinance of the city. The defendant pleaded in abatement that the Police Court of the city of Providence had no jurisdiction of the offence charged, but that jurisdiction of the offence was in the District Court under the statutes of the State. The case calls for a construction of certain acts of the General Assembly. Pub. Laws R. I. cap. 580, of

March 17, 1865, empowered the board of aldermen of the city of Providence to provide for the summary removal of such drains, vaults, cesspools, etc., as they should deem prejudicial to the public health, and to impose penalties for the violation of the regulations made by them in pursuance of the authority given, to be recovered upon complaint and warrant before the Police Court. The complainant contends that this chapter has not been repealed. Without referring to intervening legislation, Pub. Stat. R. I. cap. 38, § 25, provides that no ordinance made by a town council, which includes board of aldermen, Pub. Stat. R. I. cap. 24, § 8, shall impose, or at any time be construed to continue to impose, any penalty for the commission or omission of any act punishable as an offence under the statute law of the State. At the January session, 1885, Pub. Laws R. I. cap. 495, of April 23, 1885, was passed, authorizing town councils to order the removal of any nuisance, source of filth, filth, or cause of sickness ; and imposing a penalty, not exceeding twenty dollars a day, upon the owner or occupant of premises upon which such nuisance may exist, for neglect to comply with such order. This is a general act, which expressly repeals all acts and parts of acts inconsistent with it. It is in amendment of and in addition to Pub. Stat. R. I. cap. 79, which provides that the complaint shall be brought before the Justice Court; now changed to District Court, Pub. Laws R. I. cap. 597, § 43, of May 27, 1886. It appears, then, that Pub. Laws R. I. cap. 580, of March 17, 1865, has been repealed, if not otherwise, certainly by Pub. Laws R. I. cap. 495, of April 23, 1885, with which it is inconsistent. Moreover, the latter chapter makes special reference to the city of Providence in § 7, as though the city was to proceed under this last, and not under some prior special act. Under the provision above quoted, therefore, Pub. Laws R. I. cap. 580, of March, 1865, cannot be construed to continue to impose a penalty for an offence now punishable under the statute law of the State.

Such was the decision in *Baxter, Petitioner,* 12 R. I. 13.

The exception to the overruling of the plea in abatement must be sustained, and the complaint quashed.

*Nicholas Van Slyck,* City Solicitor of the City of Providence, and *Cyrus M. Van Slyck,* for plaintiff.