STATE, CHARLES B. LOCKE, COMPLT. *vs.* BENJAMIN THURSTON.

APRIL 19, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Ordinances. Fast driving. Motor cars. Conflict between Statute and Ordinance.*

Gen. Laws cap. 74, § 5, as amended by Pub. Laws cap. 925, November 26, 1901, provides that "Every person who shall ride or drive faster than a common travelling pace in any of the streets of Newport or Providence or in the compact part of any town or village in the state, or in any road leading from Pawtuxet to the compact part of Providence," shall be punished as therein provided.

An ordinance of the town of Warwick prohibited operating motor cars on the public highways of said town at a speed greater than fifteen miles an hour, under a prescribed penalty.

Gen. Laws cap. 40, § 29, provides: "No ordinance or regulation whatsoever made by a town council shall impose . . . any penalty for the commission or omission of any act punishable as a crime, misdemeanor, or offence by the statute law of the state:"—

*Held*, that the language of chapter 74, section 5, was broad enough to include motor cars when ridden or driven, and as the statute covered the streets of certain cities, the compact parts of all towns, and certain roads within the State, and the ordinance assumed to regulate the speed of motor cars on the public streets and highways of Warwick, thus including the compact part of the town because it was not in terms therein excluded, the ordinance was in conflict with the statute and invalid.

COMPLAINT charging violation of town ordinance. Certified to Supreme Court under Court and Practice Act, sections 478 and 479.

DUBOIS, J.   The defendant was arrested upon a complaint and warrant, issued from the District Court of the Fourth Judicial District, which charged that he "did operate and drive a certain automobile or motor car on the public highway of said Warwick at a speed greater than fifteen miles per hour, against the ordinances of said town," etc.

Before the trial of the case on its merits, the defendant moved to dismiss the complaint on the following ground, viz.:   "That the town council of the town of Warwick had no authority in law to pass an ordinance regulating the speed of automobiles on public highways."   Whereupon the justice of the District Court, under the provisions of the court and practice act, sections 478 and 479, certified to us, for hearing and determination, the question of the validity of the following ordinance of the town of Warwick:

"SECTION 1.   No person shall operate or drive any automobile, motor-car, or motor cycle on the public streets or highways of the town of Warwick, at a greater speed than fifteen miles per hour.

"SEC. 2.   Any person violating any of the provisions of the preceding section shall be fined not less than $20.00, or be imprisoned not exceeding ten days."

The power to make ordinances is comprised within the powers possessed by municipal corporations, which are: "First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation—not simply convenient but indispensable."   Dillon Mun. Corp. 4th ed. § 89, cited in *Staples* v. *Walmsley*, 27 R. I. 181, at p. 184.   See also McQuillan Mun. Corp. § 46.   The power to make and ordain ordinances has been expressly granted to town councils and city councils by Gen. Laws, chapter 40, § 21, wherein it is provided, among other things, that they "may from time to time make and ordain all ordinances and regulations for their respective towns, not repugnant to law, which they may deem necessary  . . . .  to prevent persons ˏstanding on any footwalk,  . . . .  or

riding, driving, fastening or leaving any horse or other animal or any carriage, team or other vehicle on any such footwalk, sidewalk, doorstep or doorway within such town, to the obstruction, hindrance, delay, disturbance or annoyance of passers-by or of persons residing or doing business in the vicinity thereof;   . . . .   to regulate the speed of driving horses and cattle over bridges;   . . . .   and, generally, all other ordinances, regulations and by-laws for the well-ordering, managing and directing of the prudential affairs and police of their respective towns, not repugnant to the constitution and laws of this State, or of the United States."

There can be no question but that, under the large delegation of police power granted to them by the final and omnibus clause of the section, town and city councils would have ample authority to pass ordinances such as the one in question, unless such power has been qualified or limited by the legislature. We find such limitation in Gen. Laws chapter 40 § 29: "No ordinance or regulation whatsoever, made by a town council, shall impose or at any time be construed to continue to impose, any penalty for the commission or omission of any act punishable as a crime, misdemeanor or offence, by the statute law of the state." This provision has been construed by this court, and ordinances inconsistent with the statute law of the State have been declared to be void. *Baxter, Petr.*, 12 R. I. 13; *State* v. *Mc Culla*, 16 R. I. 196. If the ordinance seeks to impose a penalty for the commission of an act punishable by the statute law of the State it is void.

Gen. Laws chapter 74, § 5, as amended by Pub. Laws chapter 925, November 26, 1901, provides: "Every person who shall ride or drive faster than a common travelling pace in any of the streets of Newport or Providence or in the compact part of any town or village in the state, or in any road leading from Pawtuxet to the compact part of Providence, shall, unless justifiable cause be made to appear for such riding or driving, be fined not less than five dollars nor more than twenty dollars or imprisoned not exceeding ten days for each offence; one-half of said fine to the use of the complainant and one-half thereof to the use of the town where the offence was committed."

(1)     The language used in this section is exceedingly broad: "Every person who shall ride or drive faster than a common travelling pace." The words "ride or drive" are not confined to animals; they are not limited in any manner whatsoever. Anything capable of being ridden or driven comes within the purview of the act. It is argued that the words "ride or drive" are apt words in a statute designed to limit the fast driving of horses upon the highways of the State. They are apt, but they are not restricted to horses by the terms of the section. They are also apt in the case of bicycles, motor cycles, or automobiles when ridden or driven. In construing statutes of this kind it is usual and proper to consider the scope and purpose of the act and the danger or mischief that it was intended to guard against. The act was evidently passed for the protection of the public against the dangers incident to fast riding and driving of any sort, not only of the kind with which the legislators were familiar at the time, but also any kind of dangerous riding or driving.

In *Taylor* v. *Goodwin*, 4 Q. B. D. 228, 1879, the appellant, Taylor, was convicted, under 5 & 6 Wm. 4, chapter 50, § 78, of furiously driving a carriage on a highway, upon proof that he had been riding a bicycle at a furious pace on the occasion in question. The conviction was affirmed, and the opinions of the presiding justices, although brief, are very illuminating upon the subject:

"Mellor, J. I am of the opinion that the decision of the magistrates was right. The words of the section are 'if any person riding any horse or beast, or driving any sort of carriage, shall ride or drive the same furiously so as to endanger the life or limb of any passenger.' The expressions used are as wide as possible. It may be that bicycles were unknown at the time when the act passed, but the legislature clearly desired to prohibit the use of any sort of carriage in a manner dangerous to the life or limb of any passenger. The question is, whether a bicycle is a carriage within the meaning of the act. I think the word 'carriage' is large enough to include a machine such as a bicycle which carries the person who gets upon it, and I think that such person may be said to 'drive' it. He guides as

well as propels it, and may be said to drive it as an engine driver is said to drive an engine.  The furious driving of a bicycle is clearly within the mischief of the section, and seems to me to be within the meaning of the words, giving them a reasonable construction."

"Lush, J.  I am of the same opinion.  The mischief intended to be guarded against was the propulsion of any vehicle so as to endanger the lives or limbs of the passers by.  It is quite immaterial what the motive power may be.  Although bicycles were unknown at the time  when the act passed, it is clear that the intention was to use words large enough to comprehend any kind of vehicle which might be propelled at such a speed as to be dangerous."

The statute covers the streets of certain cities, the compact parts of all towns, and certain roads within the State, and the ordinance in question assumes to regulate the speed of automobiles, motor cars, and motor cycles on the public streets and highways of Warwick.  This includes the compact portion of the town because the same is not in terms therein excluded.  Therefore the ordinance is in conflict with the statute and is invalid.

It is unneccessary to consider the other questions argued.

The papers in the cause, with our decision certified thereon, will be remanded to the District Court for further proceedings.

*Frederick A. Jones*, for State.

*Tillinghast & Murdock, and Antonio A. Capotosto*, for defendant.