JOSEPH D. BLAIS vs. ROBERT S. FRANKLIN et al., Commrs., et al.

MARCH 2, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Certification of Constitutional Question. Record.*

Under the provisions of C. P. A. § 474 (now Gen. Laws, 1909, cap. 298, § 1), "Whenever in any action or proceeding, civil or criminal, pending before any court, the constitutionality of an act of the general assembly shall be brought in question upon the record, the court shall forthwith certify the question to the supreme court to be heard and determined," whenever the constitutionality of an act is clearly questioned by the allegation of any pleading, or by any other formal objection filed in the case, the constitutionality is "brought in question upon the record," and whenever, thereafter, this state of the record is called to the attention of the court, it is its duty to at once certify the question in the form in which it has been raised by the parties.

Where the unconstitutionality of an act was alleged in a bill in equity, and six days after filing of the bill and before filing of pleadings by one party, and before determination of a demurrer filed by other parties, the complainant, by motion, called to the attention of the court the constitutional objections, the court properly certified the questions forthwith.

(2) *Constitutional Questions.*

It is not the intent of the statute that the court shall pass upon the question of the constitutionality of an act that is not germane to the case in which it is raised; or in a case clearly without standing in court, or when the determination of the question is entirely unnecessary. Whether a constitutional question is properly presented and whether its determination is necessary for the disposition of the case are proper subjects for consideration at the time of hearing upon the question.

(3) *Constitutional Questions. Form of Question.*

A constitutional question is raised by a party, and he is entitled to have it considered in just the form in which he brings it upon the record, and it is his duty to make the objection with sufficient certainty to enable the Supreme Court to pass upon it. The lower court should not attempt to reform the question.

(4) *Certification of Constitutional Question. Form of Question.*

Constitutional questions need not necessarily be cast in the form of interrogatories.

Whenever a party has made it clear upon the record that he challenges the constitutionality of an act, and clearly indicates the particular portion of the constitution of this State, or of the United States, to which he claims the act is repugnant, naming the article and section, and the particular

provision of a section which he claims are violated, then he has brought the constitutionality of the act in question upon the record with sufficient particularity.

BILL IN EQUITY. Heard on motion of respondents to return constitutional questions certified by Superior Court, and denied.

SWEETLAND, J. The complainants, Joseph D. Blais and William S. Grant, alleging that they are citizens, and qualified electors of the city of Central Falls, and that said Blais is a taxpayer in the city of Pawtucket, and that said Grant is a taxpayer in said Central Falls, have brought their bill in equity in the Superior Court against Robert S. Franklin, Fred B. Lawton, and Albert H. Langworthy, who were appointed a commission to erect a bridge between the cities of Pawtucket and Central Falls, known as the North Main Street bridge, under the provisions of chapter 499 of the Public Laws, passed at the January session, 1909, and against Frederick E. Shaw. In said bill the complainants seek to have a certain contract between said commissioners and said Shaw, for the construction of said bridge, declared null and void, and to have said Shaw enjoined from building said bridge.

In the twenty-third paragraph of said bill the complainants aver that in several particulars named the General Assembly has attempted to delegate to said commissioners discretion which can be exercised by the General Assembly alone, and hence said act should be declared unconstitutional and repugnant to and in violation of article IV, section 2, of the constitution of Rhode Island.

In the twenty-fourth paragraph of said bill the complainants aver that the said commissioners have executed a contract with said Shaw to construct a new bridge; that the entire cost of constructing said bridge, including the purchase of land, damages to various persons and other expenses, will exceed one hundred and twenty-five thousand dollars; that the payment of said expenses and the costs and expenses of said commission is to be made by the cities of Central Falls and Pawtucket; and that the express consent of the people of Rhode Island has not, nor has the express consent of the people of Pawtucket

and Central Falls been obtained to the incurrence of such indebtedness; and that, so far as chapter 499 of the Public Laws authorizes said commissioners to proceed with and to make said contract for the construction of said new bridge, said chapter 499 is unconstitutional and is repugnant to and in violation of article IV, section 13, of the constitution of Rhode Island.

In the twenty-fifth paragraph of said bill the complainants recite various provisions of said chapter 499, with reference to the payment in the first instance by the city of Pawtucket of the total cost of the construction of said bridge, and the final apportionment of the cost of construction between the cities of Pawtucket and Central Falls, and aver that neither city is given any hearing as to the expense of the work, or its kind, size, or style, and hence that said chapter 499 is unconstitutional, and especially is repugnant to and in violation of section 1 of article XIV of the amendments to the constitution of the United States and section 10 of article I of the constitution of Rhode Island.

In the Superior Court, six days after filing said bill, and before the respondent Shaw had filed either answer, plea, or demurrer to said bill, and before hearing and determination of a demurrer to said bill filed by the respondent commissioners, the complainants, by motion, called to the attention of the court the objections to the constitutionality of said chapter 499, contained in the twenty-third, twenty-fourth, and twenty-fifth paragraphs of the bill. In said motion the complainants set out in the form of interrogatories the constitutional questions which they claim are raised in said paragraphs, and moved that the Superior Court certify the same to the Supreme Court to be heard and determined. On this motion the Superior Court certified the following questions to this court:

" *First.* Is Chapter 499 of the Public Laws, passed at the January session of the General Assembly, A. D. 1909, unconstitutional and repugnant to and in violation of Article IV, section 2, of the constitution of Rhode Island?

" *Second.* Is Chapter 499 of the Public Laws, passed at the January session of the General Assembly, A. D. 1909, un-

constitutional and repugnant to and in violation of Article IV, section 2, of the constitution of Rhode Island, in that it gives the commissioners a discretion which should have been exercised by the General Assembly, and is not properly an administrative discretion, but is a substantive matter of legislative discretion that the General Assembly cannot delegate?

" *Third.* Is Chapter 499 of the Public Laws, passed at the January session of the General Assembly, A. D. 1909, unconstitutional and repugnant to and in violation of Article IV, section 2, of the constitution of Rhode Island for the reasons stated in the twenty-third paragraph of the complainants' bill of complaint?

" *Fourth.* Is Chapter 499 of the Public Laws, passed at the January session of the General Assembly, A. D. 1909, unconstitutional and repugnant to and in violation of Article IV, section 2, of the constitution of Rhode Island for the reasons appearing in the complainants' bill of complaint?

"*Fifth.* Is Chapter 499 of the Public Laws, passed at the January session of the General Assembly, A. D. 1909, unconstitutional and repugnant to and in violation of Article IV, section 13, of the constitution of Rhode Island?

"*Sixth.* Is Chapter 499 of the Public Laws, passed at the January session of the General Assembly, A. D. 1909, unconstitutional and repugnant to and in violation of Article IV, section 13, of the constitution of Rhode Island under the circumstances stated in the twenty-fourth paragraph of the complainants' bill of complaint?

"*Seventh.* Is Chapter 499 of the Public Laws, passed at the January session of the General Assembly, A. D. 1909, unconstitutional and repugnant to and in violation of Article IV, section 13, of the constitution of Rhode Island for the reasons stated in the complainants' bill of complaint?

"*Eighth.* Is Chapter 499 of the Public Laws, passed at the January session of the General Assembly, A. D. 1909, unconstitutional and repugnant to and in violation of section 1 of Article XIV of the Amendments to the Constitution of the United States and of section 10 of Article I of the constitution of Rhode Island?

"*Ninth.*  Is Chapter 499 of the Public Laws, passed at the January session of the General Assembly, A. D. 1909, unconstitutional and repugnant to and in violation of section 1 of Article XIV of the Amendments to the Constitution of the United States and of section 10 of Article I of the constitution of Rhode Island for the reasons stated in the twenty-fifth paragraph of the complainants' bill of complaint?

"*Tenth.*  Is Chapter 499 of the Public Laws, passed at the January session of the General Assembly, A. D. 1909, unconstitutional and repugnant to and in violation of section 1 of Article XIV of the Amendments to the Constitution of the United States and of section 10 of Article I of the constitution of Rhode Island for the reasons stated in the complainants' bill of complaint?

"*Eleventh.*  Is Chapter 499 of the Public Laws, passed at the January session of the General Assembly, A. D. 1909, unconstitutional and repugnant to and in violation of section 1 of Article XIV of the Amendments to the Constitution of the United States and of section 10 of Article I of the constitution of Rhode Island, because it deprives the complainants of their property without due process of law?"

In this court the respondents move that the questions certified be returned to the Superior Court for the following reasons:

" 1.    That said questions were prematurely and improperly certified to this Honorable Court.

" 2.    That the constitutionality of said Chapter 499 of the Public Laws, passed at the January session of the General Assembly, A. D. 1909, has not been brought in question upon the record in the cause in which said questions were certified to this Honorable Court.

" 3.    That the unconstitutionality of said Chapter 499 has been alleged in said cause only in certain allegations in the bill of complaint, and that such allegations are not now in issue in said cause.

" 4.    That the constitutionality of said Chapter 499 has been attacked in the cause in which said certification was made only by certain allegations in the bill of complaint; that the

time fixed by statute for filing demurrer, plea or answer to said bill, viz.: the period of thirty days after the return day in said cause, has not elapsed and one of the defendants has made no reply to said bill by demurrer, plea, answer or otherwise, while the other defendants have filed demurrers which might dispose of the cause without considering or determining the constitutionality of said act.

" 5. That said questions are not in proper form for certification to or decision by this Honorable Court.

" 6. That said questions as certified to this court are too indefinite for submission to or decision by this Honorable Court.

" 7. That said questions are not sufficiently specific for consideration or determination by this Honorable Court."

All of these reasons which are urged for the return of the questions to the Superior Court are objections to the action of the Superior Court in certifying said questions to this court. The first four reasons are based upon the alleged impropriety of the action of the court with reference to the time when it was taken, *i. e.*, that its action was premature; the remaining reasons attack the manner of the certification, that the questions have not been properly formulated for certification. None of these objections are urged directly against the determination of these questions by the Supreme Court, but the respondents proceed upon the theory that the matter has not as yet properly reached this court for hearing and determination. Hence, the only question before us upon this motion is as to the propriety of the order of certification entered in the Superior Court.

Previous to July 17th, 1905, when the provisions of the Court and Practice Act went into effect, constitutional questions arising in a civil cause were certified for determination to the Appellate Division of the Supreme Court, as follows: If the constitutionality of any act of the General Assembly was brought in question in any civil cause or proceeding, pending before any court, before trial or hearing thereof was begun, the parties to such cause or proceeding might concur in stating said question in the form of a special case, and such question

should at once be certified to the Appellate Division for its determination. In all other civil causes pending before any court, if the constitutionality of any act of the General Assembly was brought in question, the court should rule the act to be constitutional, and in writing should note the question and sufficient of the evidence to explain the same, and such note and evidence should form a part of the record, and thereafter the court should go on and try the cause as though such question had not been raised. If verdict or decision was rendered in the cause against the party raising the constitutional question, judgment should be stayed, and the clerk of the court, after five days, should certify and transmit the record of the cause to the Appellate Division for its decision of such constitutional question: *Provided,* if such question arose in the first instance in the Appellate Division of the Supreme Court and the decision was adverse to the party raising such question, the same, if requested, should be reserved for special decision, as if raised in the Common Pleas Division, or in any other court. Gen. Laws, 1896, Chapter 250, sections 1, 2, and 5.

(1) The provisions of the Court and Practice Act, section 474, now Gen. Laws, 1909, Chapter 298, section 1, are as follows: "Whenever, in any action or proceeding, civil or criminal, pending before any court, the constitutionality of an act of the general assembly shall be brought in question upon the record, the court shall forthwith certify the question to the supreme court to be heard and determined."

This section constitutes the only provision now existing in our law for the certification to this court of a question as to the constitutionality of an act of the General Assembly arising in a civil cause. This section substantially changed the procedure existing under Gen. Laws, 1896. Under Gen. Laws, 1896, there was to be no certification, except by agreement of parties, until there had been a verdict or decision, upon the other issues in the case, adverse to the party raising the question. The hearing upon the constitutional question was to be delayed until one opportunity had been given to rest the judgment in the case upon grounds other than the unconstitutionality of an act of the legislature.

The respondents claim that, even under the present provisions of the statute, a constitutional question should not be certified to this court until issue has been joined upon the allegation of unconstitutionality made in the pleadings, or while there remains the possibility that the case may be disposed of by decision upon demurrer, without reference to the constitutional question raised; or, at least, that the question should not be certified until the pleadings are closed, that there may be a "record" for this court to examine.

The respondents are not justified in their contention that the statute, in the use of the word "record," intends the completed record of the case. The record which is the orderly history of the case from beginning to end is not completed until after the entry of final decree or judgment. The record is still incomplete at the time when the pleadings are closed. Each case has its record from the beginning, and matters are continually being brought upon this record, as the case proceeds, until the record is complete upon the final determination of the case. Nor can we agree with the respondents' contention that the constitutionality of an act of the General Assembly is not brought in question upon the record until the adverse party joins issue upon the allegation of unconstitutionality. Under Gen. Laws, 1896, Chapter 250, whenever the constitutionality of an act was "brought in question," the court should "in writing note the question and sufficient of the evidence to explain the same and such note and evidence shall form part of the record." Such procedure brought the constitutionality of the act in question upon the record entirely independent of any action of the adverse party. Nor, indeed, under any procedure for certification, can the pleading of the adverse party have any bearing upon the right of the party raising the question to have a hearing and determination of it. If, by his pleading, the adverse party should admit the unconstitutionality of the act, the Superior Court can not proceed and treat the act as unconstitutional; and if this question is a material ground for relief or of defence, the rights of the party raising the question are not affected by the formal assertion of constitutionality by the adverse party. When in a civil cause

pending in any court the constitutionality of an act of the General Assembly is clearly questioned by the allegation of any pleading, or by any other formal objection filed in the case, we are of the opinion that the constitutionality of the act is "brought in question upon the record;" and that, whenever thereafter this state of the record is formally called to the attention of the court where the case is pending, it is the duty of said court to at once certify the question, in the form in which it has been raised by the parties, to this court for its action thereon.

(2)    Some of the objections to the action of the Superior Court, urged by counsel for the respondents in their arguments and briefs, are, rather, objections to the determination of the questions when they shall be before this court for hearing. Although the statute provides that the Superior Court shall forthwith certify the question to this court for hearing and determination whenever the constitutionality of any act is brought in question upon the record, we do not consider it to be the intent of the legislature that this court shall pass upon the question of the constitutionality of an act of the General Assembly that is not germane to the case in which it is raised, or in a case which is clearly without standing in court, or when the determination of the question is entirely unnecessary. "A court will not listen to an objection made to the constitutionality of an act by a party whose rights it does not affect, and who has therefore no interest in defeating it." Cooley's Constitutional Limitations, 7th ed. 232. Chief Justice Marshall said, in *Ex parte Randolph*, 2 Brock. 447: "No question can be brought before a judicial tribunal of greater delicacy than those which involve the constitutionality of a legislative act. If they become indispensably necessary to the case, the court must meet and decide them; but if the case may be determined on other points, a just respect for the legislature requires that the objection to its laws shall not be unnecessarily and wantonly assailed." This doctrine, recognized in *Newell v. Franklin*, 30 R. I. 258, has been universally adopted by the courts of the several States. Whether a constitutional question is properly presented and whether its determination is necessary

for the disposition of the case will be proper subjects for consideration at the time of hearing upon any constitutional question before this court.

(3)    The grounds of objection to the action of the Superior Court remaining to be considered are those which relate to the form of the questions certified. Some misapprehension has arisen in regard to the duty of the lower courts in the certification of constitutional questions. It has been sometimes considered that the lower courts should formulate the constitutional question before ordering its certification, making the procedure conform to that provided for in Gen. Laws, 1909, Chap. 298, § 5. Under section 5, if, in any proceeding in the Superior Court or in any District Court prior to trial on the merits, a question of law shall arise which in the opinion of the court is of such doubt and importance, etc., that it ought to be decided by the Supreme Court before further proceedings, the court may certify such question to the Supreme Court for determination. Under this section the court acts upon its own motion, the question is one upon which the court itself, after consideration, desires the determination of this court, and necessarily the lower court must formulate the exact question which it wishes to have the Supreme Court pass upon. In the matter of a constitutional question, the objection is one raised by the party; he is entitled to have it considered in just the form in which he brings it upon the record. The duty is upon him to make his objection with sufficient certainty to enable this court to pass upon it. The lower court should not attempt to reform the question sought to be raised, but should take the same position with reference to this question that it takes in regard to other pleadings of the parties, transmitting them to this court, when required, in the same form in which they are filed.

(4)    Another misconception which has arisen is that the constitutional questions must necessarily be cast in the form of interrogatories. The language of the statute, "whenever . . . the constitutionality of an act of the general assembly shall be brought in question upon the record," does not mean brought upon the record in the form of interrogatories. It means whenever the constitutionality of an act is

questioned, in the sense of "doubted," "disputed," "challenged." Whenever a party has made it clear upon the record, in some formal way, that he challenges the constitutionality of an act, or, if his objection is to a portion of an act, that he challenges the constitutionality of a certain specified portion of an act, and clearly indicates the particular portion of the constitution of this State or of the United States to which he claims the act or portion of the act is repugnant, naming the article and section, and, if the section contains more than one provision, the particular provision or provisions, which he claims are violated, then he has brought the constitutionality of the act in question upon the record with sufficient particularity.

In the case at bar the complainants, claiming that chapter 499 of the Public Laws is unconstitutional, have clearly alleged, in paragraphs twenty-three, twenty-four, and twenty-five of their bill, the provisions of the act which they claim are unconstitutional and the particular provisions of the constitution of this State and of the United States which they claim are violated by the act.

We are of the opinion that the complainants brought the constitutionality of chapter 499 of the Public Laws in question upon the record in the said paragraphs of their bill; that the questions were then ready for certification and might properly have been certified in the form in which they stood in the bill. An attempt was made in the Superior Court to formulate the objections contained in the said paragraphs of the bill in the form of interrogatories, but the constitutional question has not thereby been stated more clearly or more specifically.

We do not find that the action of the Superior Court in certifying the constitutional questions raised was improper for any of the reasons set out in the respondents' motion, and the same is denied.

The case will stand for hearing upon the constitutional questions.

*John N. Butman, Waterman, Curran & Hunt,* for complainants.

*Edward D. Bassett, Irving Champlin, James Harris,* for respondent commissioners.

*Walter H. Barney, Barney & Lee,* for respondent Frederick E. Shaw.