HERBERT J. WELLS *vs.* MABEL E. PERRY *et als.*

JANUARY 15, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

SWEENEY, J. These are two bills in equity praying for the partition of real estate alleged to be owned by the parties in fee simple as tenants in common. The causes have been certified to this court as required by § 5109, G. L. 1923, for hearing on constitutional questions brought upon the record prior to trial.

The questions are raised in this manner. Respondent, Mabel E. Perry, avers in her answers that she is seized and possessed in fee simple of the entire parcel of real estate described in the bills and denies that complainant or any other person has any interest therein. Having thus disputed complainant's title to said real estate respondent moved that complainant be required to establish his title in an action at law, citing as authority *Conyers et al.* v. *Davis*, 11 R. I. 527 (1877).

The court denied respondent's motions for the reason that § 5829, G. L. 1923 (passed August 5, 1891) had annulled

the rule announced in *Conyers et al.* v. *Davis, supra.* Said section provides that: "Whenever in any suit for partition of real estate in equity it shall be alleged or shall appear that any person claims or may claim any right, title, or interest in such estate adversely or otherwise to any party to such suit, . . . the court may thereupon proceed and, . . . may themselves, in such manner as they deem proper, or by a jury upon issues framed for that purpose, try and determine what, if any, right, title, interest or claim he has therein, and adjudge accordingly, and such judgment in either event shall be final." Interlocutory decrees were entered stating that complainant should not be required to establish his title in an action at law as a condition precedent to maintaining his bills in equity.

Respondent then filed in each cause a motion in which she claimed that said statute was unconstitutional, because it deprived her of the right of trial by jury and took her property without due process of law, and prayed that the cause be certified to the Supreme Court for the determination of the constitutional questions raised.

The first matter to be considered is whether the determination of the constitutional questions is necessary for the disposition of the cause, for it is well established law that the court will not pass upon the constitutionality of a statute unless such action is unavoidable, and, if there is any issue in the cause upon which a decision may properly be made, the court will decide the cause upon that issue and will not decide the constitutional questions. *Sackett et al.* v. *Paine et al.,* 46 R. I. 439.

After reading respondent's answers and the replications thereto, we find it unnecessary to decide the constitutional questions at this time because respondent has raised an issue of fact by her answers in the nature of cross bills. Respondent avers that complainant acquired his title to said real estate as trustee for her and prays that he be adjudged to hold said real estate as such trustee and that he be required to execute a deed conveying the same to her. Com-

plainant denied these allegations in his replications. The issue thus presented is within the exclusive jurisdiction of a court of equity. The determination of this issue in favor of the respondent will dispose of both causes and the constitutional questions now presented will not arise as the court of equity has undoubted exclusive jurisdiction of the causes for the purpose of administering complete relief and doing entire justice between the parties. *East Greenwich Institution for Savings* v. *Shippee et al.*, 20 R. I. 650; 21 C. J. 134, 138.

The papers in each cause with this decision certified thereon are sent back to the Superior Court in Washington county for further proceedings.

*Tillinghast & Collins, Benjamin W. Case, Harold E. Staples, George C. Davis*, for complainant.

*Henshaw, Lindemuth & Baker*, for respondent.