FIRST NATIONAL STORES, INC. *et al. vs.* HARRY R. LEWIS, STATE COMMISSIONER OF AGRICULTURE.

JUNE 26, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is a bill in equity brought to restrain the defendant from enforcing certain provisions of Chapter 1594, Public Laws, 1930, on the ground that the same are unconstitutional. Said act is entitled. "An Act Providing for the Better Protection of the Consumers of Pasteurized

Milk Through the Licensing and Inspection of All Plants Engaged in the Pasteurization of Milk." The sections of the act which are assailed as unconstitutional are Section 2, Clause A: "No person, firm or corporation, shall engage in the process known as pasteurization of milk for sale within this state without first obtaining a license issued by the commissioner of agriculture for that purpose. Such license shall be issued for a period ending the first Monday in February of each year and which, at any time, may after hearing upon due notice and an opportunity to be heard, be suspended or revoked for cause by the commissioner of agriculture. No pasteurization of milk for sale within this state shall be carried on except within a licensed plant located within the state; provided, however, that pasteurization plants located in adjoining states but coming within the local milk shed of any market in this state shall be inspected and licensed as provided in this act. The words 'local milk shed' as used in this act are hereby defined as that local area within which milk is being produced and delivered daily by truck to a local market;" and Section 3 which is as follows: "No raw milk shall be bottled in a pasteurizing plant unless by special permission of the commissioner. Milk that shall have been once submitted to the process of pasteurization shall not again be submitted to the process of pasteurization. All milk sold in the state as 'pasteurized' milk shall be pasteurized within the state, except as provided in section 2, unless a special permit shall have been issued by the commissioner covering an emergency."

The bill alleges that the complainant, Bellows Falls Cooperative Creamery, conducts a pasteurizing plant at Bellows Falls in the State of Vermont, which conforms to the highest standards for such plants; that the milk pasteurized at its said plant meets every standard as to quality required by the State of Rhode Island; that said act is unreasonably discriminatory in that it excludes from sale in this State milk pasteurized at its said plant while the sale of milk from pasteurizing plants located at a greater distance from the markets of this State is permitted.

The constitutionality of an act of the General Assembly having been brought in question upon the record, the Superior Court in compliance with the requirements of Section 1, Chap. 348, Gen. Laws, 1923, certified the cause to this court. The respondent instead of answering demurred to the bill thus admitting the allegations of unreasonable discrimination and inferentially the unconstitutionality of certain provisions of the act.

In *Sayles* v. *Bloomquist*, 38 R. I. 484, this court said: " . . . it should be borne in mind that so far as any presumption exists on the point it is one in favor of the constitutionality of a legislative act." Again in *Manufacturers Mutual Fire Ins. Co.* v. *Clarke*, 41 R. I. 277, it was said: "This court will make every intendment in favor of the constitutionality of an act of the General Assembly." Consistently with these and other opinions of similar import we are unwilling to decide a question as to the constitutionality of an act of the General Assembly on a record wherein it is admitted as a matter of pleading that the provisions of the act complained of are unreasonably discriminatory.

It is true that in the brief of the respondent there are statements of fact explanatory and contradictory of the facts admitted by the demurrer but they are not part of the record and cannot be accepted as such. Moreover, we do not consider that we are bound to pass to a consideration of the questions thus presented on a record which is so incomplete as to leave us uninformed as to certain essential facts upon which the ultimate decision may hinge. We may take judicial notice that milk is a highly perishable product, subject to rapid deterioration and easily contaminated. Its production and sale are, therefore, subject to reasonable regulation in the interest of the public health. We may also take judicial notice of the fact that pasteurization is one of the accepted methods of protecting the public in the use of this essential article of diet but we may not extend the principle of judicial notice to the methods and technique of the process. Evidence on this point would be informative

and helpful and might be of great importance in passing upon the reasonableness of the regulations imposed by the act in question.

The provision requiring the pasteurizing of milk sold in this State to be pasteurized in plants located in this State or in the local milk shed is the principal point of complainant's attack. The term "local milk shed" is unusual and we are unaware of any judicial interpretation of it. It is defined in the act as follows: "The words 'local milk shed' as used in this act are hereby defined as that local area within which milk is being produced and delivered daily by truck to a local market." Under the modern methods of transportation, delivery by truck may be from great distances.

It is suggested in the brief of the respondent that the meaning of this term is determined by custom and practice but the record gives us no information on this point    That the record is incomplete and unsatisfactory is recognized by the parties who have requested that they be allowed to add to the same in this court. We do not consider such a procedure either practicable or desirable. In *Blais* v. *Franklin*, 30 R. I. 413, SWEETLAND, J. said: "Whether a constitutional question is properly presented and whether its determination is necessary for the disposition of the case will be proper subjects for consideration at the time of hearing upon any constitutional question before this court." In *Sackett* v. *Paine*, 46 R. I. 439, and in *Wells* v. *Perry*, 50 R. I. 427, we held that we would not consider the constitutional questions when the case might be disposed of on other grounds. These cases are authority for the position that we now take that we are not bound to immediately consider all constitutional questions certified to this court regardless of the state of the record but may make such disposition of the same as the circumstances may require.

We are of the opinion that the cause should be remanded to the Superior Court with directions to take such testimony as the parties may offer on issues of fact, relevant to

constitutional questions raised by appropriate pleadings, and to then certify the cause to this court, and it is so ordered.

*Greenough, Lyman & Cross, Richard E. Lyman,* for First National Stores, &c.

*Eugene J. McElroy, Eugene J. Phillips,* for N. Y., N. H. & H. R. R. Co.

*Benjamin M. McLyman,* Attorney General, *Sigmund W. Fischer,* Asst. Attorney General, for respondent.