STATE *vs.* PHILIP B. GOLDBERG.
SAME *vs.* LEO M. GOLDBERG.
AUGUST 4, 1938.
PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

462

CAPOTOSTO, J. These two cases, which present the same constitutional questions, are complaints brought in the police court of the city of Providence against these two defendants and charge that they "Did unlawfully allow, permit and suffer a certain motor vehicle, to wit, an automobile to stand in a parking meter zone on a public highway in said city of Providence, to wit, South Water street, in violation of subsection (e) of section 12-A of the traffic regulations of the bureau of police and fire and all additions and amendments thereto." Before trial, the defendants filed identical motions to quash the warrant in each case, and these motions raise the constitutional questions which have been certified to this court in accordance with the provisions of general laws 1923, chapter 348, section 1.

The defendants contend that public laws 1935, chapter 2275, and the traffic regulation enacted thereunder, under which the complaints were brought are unconstitutional in the following respects: (1) secs. 8 and 14 of the act violate article III of the state constitution; (2) traffic regulation 36, adopted by the bureau acting under the act, violates sec. 15 of art. IV. of the state constitution; (3) said traffic regulation 36 violates the due process clause of both the state constitution, art. 1, sec. 10, and of the federal constitution, art. XIV of amendments, sec. 1.

Public laws 1935, chap. 2275 transfers control of the police department of the city of Providence from a state appointed director of public safety to a city appointed bureau of three members. Section 8 of the act provides: "Said bureau shall have authority to appoint, remove, organize and control the chief of police, police . . . and all other attaches of the police department . . . and shall also have authority to make all needful rules and regulations . . . for the regulation and control of traffic in said city, not inconsistent with the laws of the state." Section 8 further

provides: "Authority hereby is also conferred upon said bureau to fix a fine not to exceed two hundred dollars in any one case for the violation of any of its rules and regulations made under the authority of this section." Section 14 provides: "All the ordinances of said city and the rules, orders and regulations of the board of aldermen or other competent authority in force at the time this act goes into effect relative to the regulation and control of traffic . . . not inconsistent with the provisions of this act shall continue in force until otherwise ordered by said bureau."

The bureau, under its interpretation of the provisions of secs. 8 and 14 of chap. 2275, adopted numerous traffic regulations, among which is regulation 36 in amendment of traffic regulation 28. This regulation, as thus amended, prohibits the parking of motor vehicles in certain designated streets in the city of Providence except in accordance with its provisions. The defendants are specifically charged with violating sub-section (e), sec. 3, traffic regulation 36, which reads as follows: "No vehicle shall be parked or remain parked in any parking meter space while the parking meter in said space indicates that there has been no five-cent coin of the United States of America inserted in said parking meter within the parking time limit as set forth in section 29 of these Regulations." Section 62 of traffic regulation 28, as amended by regulation 36, provides for "a fine not exceeding twenty dollars for each offense."

The certified questions in the instant cases have received long and serious consideration by this court. The importance of the issues that are sought to be raised is obvious. This fact has led us to carefully consider the contentions advanced in these cases. We have examined the numerous authorities that the parties have cited to us in their briefs, and have supplemented such examination with an investigation of our own, not only in reference to the issues raised by the certified questions, but also as to

whether, having due regard to the previous decisions of this court, we are warranted in answering the certified questions in the circumstances of these cases. After full consideration of the situation confronting us, we are constrained to hold that, notwithstanding the importance of the issues presented, we are not justified in disregarding the uniform construction given to G. L. 1923, chap. 348, section 1, in the decisions of this court, thereby unsettling the salutary practice that has obtained in consequence of those decisions.

Regulation 36, which the parties *assume* was passed under a sufficient grant of power by the legislature to the bureau, concerns an important phase of life, and affects all persons who may have occasion to use the public streets in the city of Providence, whether for business or pleasure. No question of policy can properly come before us, for the determination of such question is exclusively within the province of the legislature. But the extent of the power that the legislature grants, or attempts to grant, or it is assumed to have granted, to an entity of its own creation, such as a municipality, board or bureau, is a question that may require judicial determination in appropriate proceedings. Such a question frequently resolves itself into a judicial construction of an act of the legislature, in which case no constitutional question is presented in the first instance.

If an ordinance is passed under an enabling act of the legislature, which ordinance is found to transcend the power granted by the act, then such an ordinance is a nullity for that reason and the constitutionality of the act is not then involved. Whether in the circumstances of these cases, the language of P. L. 1935, chap. 2275, is such as to grant power to the bureau to adopt and enforce subsection (e), sec. 3, traffic regulation 36, above quoted, is a question that should first be determined by the court in which the cases are pending, before we are bound to

consider and determine, before trial, the constitutional questions herein certified to us.

The provisions of G. L. 1923, chap. 348, section 1, are not intended to furnish a speedy or convenient method for securing the construction of a statute or other act of the legislature. Constitutional questions should not be brought in question upon the record before trial for the purpose of certification to this court, unless the case in which such questions are raised cannot be determined on any other point, or unless the determination of the constitutional questions is indispensably necessary in the case. We are not bound to pass upon the constitutionality of an act of the legislature merely because such a question has been certified to us in accordance with the mere letter of the statute. We must and will decide a constitutional question so raised when, upon hearing, it is clear to this court that the case cannot be decided on any other point, or that the determination of the certified question is indispensably necessary for a disposition of the case.

This doctrine, which was recognized in *Newell* v. *Franklin*, 30 R. I. 258, has been consistently applied in the decisions of this court. The following cases are only some of the instances in which the doctrine was applied. In *Blais* v. *Franklin*, 30 R. I. 413, at page 421, this court, quoting Chief Justice Marshall in *Ex parte Randolph*, 2 Brock. 447, says: " 'No question can be brought before a judicial tribunal of greater delicacy than those which involve the constitutionality of a legislative act. If they become indispensably necessary to the case, the court must meet and decide them; but if the case may be determined on other points, a just respect for the legislature requires that the objection to its laws shall not be unnecessarily and wantonly assailed.' " The court further stated "Whether a constitutional question is properly presented and whether its determination is necessary for the disposition of the case will be proper subjects for

consideration at the time of hearing upon any constitutional question before this court." The statute as to certification involved in the *Blais* case was the same as the statute involved in the instant cases.

In *First National Stores, Inc.* v. *Lewis,* 51 R. I. 448, this court, citing *Sackett* v. *Paine,* 46 R. I. 439, and *Wells* v. *Perry,* 50 R. I. 427, in each of which cases it declined to consider the certified questions, refused to consider the certified question at that time because of the incompleteness and unsatisfactory condition of the record, and, at page 451 of that opinion, says: "These cases (the *Paine* and *Wells* cases, *supra*) are authority for the position that we now take that we are not bound to immediately consider all constitutional questions certified to this court regardless of the state of the record but may make such disposition of the same as the circumstances may require."

In *Carroll* v. *Chrupcala,* 53 R. I. 11, the court declined to answer a constitutional question on certification, saying that "even though the question certified had been brought 'upon the record', the question is too indefinite." In considering whether a constitutional question, which was certified under the statute, should be answered by us, this court in *Probate Court, East Providence* v. *McCormick,* 56 R. I. 308, at page 329, says: "As we view the matter, further proceedings should be had in the superior court so that if this question proves to be actually and necessarily involved in the determination of the case, it may be certified to us on a record which clearly and definitely shows it is so involved."

In the instant cases, the basic and vital question is whether the bureau had the power to pass traffic regulation 36 under P. L. 1935, chap. 2275. It is clear to us that it is fundamentally necessary to determine what power was in fact granted to the bureau by this act, and further, that the determination of this question should be the subject of judicial inquiry in the first instance. Regula-

tion 36 seriously affects the public in its use of the public streets in the city of Providence. This regulation makes a charge for the use of the public streets under certain conditions, and section 62 of traffic regulation 28, as amended by regulation 36, imposes "a fine not exceeding twenty dollars" for the violation of regulation 28 as amended. To uphold the action of the bureau in passing regulation 36 there must be found in the terms of chapter 2275 a sufficient grant of power from the legislature to the bureau permitting such action, for the bureau is without power in the absence of such a grant. It is hardly necessary to state that the power actually granted by the legislature to the bureau must be determined from the language of the enabling act and not from the manner in which the bureau in fact exercised an asserted power. In construing the act "the court is to go no faster and no farther than the legislature has gone." *Howard* v. *Howard,* 120 Me. 479, 480.

We are at a loss to comprehend why in the instant cases no question was raised in the court below as to what power was in fact granted to the bureau by chap. 2275. Nor did we receive any assistance from the parties on this feature of the cases when argued before us. The questions that were certified to us are based upon the assumption that the language of chap. 2275 was such as to grant to the bureau the power to pass regulation 36. We can make no such assumption. To answer at this time the certified questions before us, which are merely incidental and collateral to the basic question in these cases, would be to pursue a circular course with no advancement towards determining the fundamental controlling issue involved.

The right to use the public streets for travel and the necessary incidents of travel is a valuable public right. While we recognize that it is not an absolute right, since it is qualified to the extent that the state, either directly or by proper delegation, may interfere with its free enjoyment in the legitimate exercise of its police power in the public

interest, yet such a public right should not be abridged or interfered with except by the exercise of power, which, as Judge Cardozo expressed in figurative language in *Panama Refining Co.* v. *Ryan,* 293 U. S. 388, 440, is "canalized within banks that keep it from overflowing."

For the reasons stated, the constitutional questions in the instant cases were prematurely brought upon the record for the purpose of certification. The certified questions now before us are, at this time, in the nature of moot questions. We therefore decline to answer the certified questions in these cases.

The papers in each case, with our decision certified thereon, are remanded to the police court of the city of Providence for further proceedings.

*Hart, Gainer & Carr, Joseph H. Gainer, Edward G. Carr, Frank G. Shea, Donald O. Burke,* for complainants.

*Leo M. Goldberg, Philip B. Goldberg, Goldberg & Goldberg,* for defendants.