VICTORY LAND COMPANY *vs.* JAMES D. HALLIDAY *et al.*

JUNE 20, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This cause is before us on a certification by the superior court of a constitutional question arising in a certain suit in equity begun by a bill of complaint.

In that bill the complainant, a corporation, prayed that the zoning ordinance of the city of Warwick in this state and the zoning map which forms a part of such ordinance be declared to be unconstitutional and void, so far as they apply to certain land belonging to the complainant in that city and delineated on a certain plat.

It also prayed in its bill that the respondents therein, being the building inspector of that city and the persons constituting its zoning board of review, such inspector and board being charged with the duty of enforcing such ordinance, be temporarily and permanently enjoined from applying such ordinance and map to the above-mentioned land of the complainant and from denying, to the complainant and other owners of lots delineated on the aforesaid plat, permits to erect proper dwellings on these lots.

Later an amended bill of complaint was filed, in which substantially the same relief is prayed for and the allega-

tions of fact are greatly enlarged. It is stated therein, among other statements made, that before April 1930 the complainant had sold and deeded to certain individuals forty-four lots on the above-mentioned plat and had made contracts with certain other individuals for the sale of seventeen other lots on that plat.

Is is further stated in this amended bill that in April 1930 the town council of said Warwick, then a town, had, purporting to be acting under authority conferred on such council by general laws 1923, chapter 57, passed the above zoning ordinance, by which the land included in the above plat was placed in the above-mentioned map in "Residence AA District"; and that very severe restrictions, described in the amended bill, were imposed on land included in that district, to the great detriment of the complainant and other owners of such land, rendering unsalable the lots delineated on the above plat.

It is further averred and charged, in the amended bill, that this zoning ordinance is unreasonable; that its enforcement "works and will work a confiscation" of the complainant's property and that it is unconstitutional and void, because in violation of article I, sec. 16 of the constitution of Rhode Island, reading as follows: "Private property shall not be taken for public uses, without just compensation", and because in violation of the following part of art. I, sec. 2 of that constitution: "All laws, therefore, should be made for the good of the whole; and the burdens of the state ought to be fairly distributed among its citizens."

It is further alleged in the amended bill that the ordinance is unconstitutional and void, because in violation of the constitution of the United States, namely, art. 1, sec. 10: "No state shall . . . pass any . . . law impairing the obligation of contracts", and art. XIV, section 1 of amendments: " . . . nor shall any state deprive any person of life, liberty,

or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

The respondents in due course filed answers to the original and amended bills of complaint, admitting some and denying others of the allegations in those bills and neither admitting nor denying some others of these allegations. Among the allegations denied by the respondents are that the ordinance in question is unconstitutional and void.

The next day after the filing of the answer to the amended bill of complaint the complainant filed a motion, in which, after reciting that it appeared that by the allegations of the amended bill the question of the constitutionality of the zoning ordinance of the city of Warwick was brought in question on the record, it moved that the cause be certified to this court for the determination of the constitutional questions raised.

A few days later this motion was granted by the superior court in an order, in which it was first recited that the constitutionality of the zoning ordinance of the city of Warwick, with amendments and additions thereto, was, by allegations contained in the amended bill of complaint, "disputed, challenged and brought in question upon the record of this cause", and then it was ordered, "(in accordance with the provisions of Section 1 of Chapter 545 of the General Laws of Rhode Island, Revision of 1938)", that the constitutional questions so raised and presented by the complainant be forthwith certified and transmitted to this court for determination. The questions so raised and presented were then, in the order, stated substantially as above set forth.

In this order the question which is certified to us is not that of the constitutionality of the general assembly's enabling *act* under the authority of which the zoning ordinance complained of by the complainant in this cause was

passed by the town council of Warwick. On the contrary, the only question certified is that of the constitutionality of the *ordinance* itself. The statutory provision under which the certification was made, *viz.*, G. L. 1938, chap. 545, § 1, reads as follows: "Whenever, in any action or proceeding, civil or criminal, pending before any court, the constitutionality of an act of the general assembly shall be brought in question upon the record, the court shall forthwith certify the question to the supreme court to be heard and determined."

It is clear from this language that it applies only when the question of constitutionality concerns *an act of the general assembly;* and that the fact that there is brought in question upon the record in a lower court the constitutionality of an *ordinance* does not justify that court in certifying that question to this court, under the above statutory provision, for determination by us. As the justice who made the order of certification gave, for such certification, no other reason than that provision, we are of the opinion that his order was invalid.

Another reason for reaching the same conclusion was stated and applied by us in the cases of *State* v. *Goldberg,* 61 R. I. 461, 1 A. 2d 101, in which two distinct constitutional questions in each case had been certified to us, for determination, under the same statutory provision as that under which the instant cause has been certified. One of these questions concerned the validity of a certain traffic regulation made by the bureau of police and fire of the city of Providence. The other question concerned the validity of the statute by which that bureau was provided for and its powers defined.

After those cases had been fully briefed and argued before us, we, on the ground that the certification had been premature, refused to determine the certified questions and remanded the papers to the police court for further proceed-

ings. In our opinion we called attention to the fact that "the extent of the power that the legislature grants, or attempts to grant, or it is assumed to have granted, to an entity of its own creation, such as a municipality, board or bureau, is a question that may require judicial determination in appropriate proceedings."

Just a little further along in the same opinion, continuing the same line of reasoning, we said: "If an ordinance is passed under an enabling act of the legislature, which ordinance is found to transcend the power granted by the act, then such an ordinance is a nullity for that reason and the constitutionality of the act is not then involved." We therefore held that whether in the circumstances of those cases the language of the statute involved therein was such as to grant power to the bureau to adopt and enforce the traffic regulation involved therein was "a question that should first be determined by the court in which the cases are pending, before we are bound to consider and determine, before trial, the constitutional questions herein certified to us."

We are of the opinion that the same reasoning applies in the instant cause and leads to the same conclusion as above stated, namely, that the order of certification was invalid.

The papers in this cause, with our decision certified thereon, are ordered to be sent back to the superior court for further proceedings.

*Philip S. Knauer, Sr., Philip S. Knauer, Jr.,* for complainant.

*Edward L. Godfrey,* City Solicitor of Warwick, for respondents.

*Ralph M. Greenlaw,* Amicus Curiae.