**TOWN OF BARRINGTON**

v.

**Lauchie T. BLAKE et al.**

No. 87–46 Appeal.

Supreme Court of Rhode Island.

Nov. 3, 1987.

Michael DeFanti, Hinckley, Allen, Tobin & Silverstein, Providence, for plaintiff.

Robert Brady, Dworkin & Brady, Warwick, for defendants.

## OPINION

PER CURIAM.

This matter is before the Supreme Court following an order entered in the District Court of Rhode Island, First Division. That order granted a motion, filed by both the town of Barrington and the defendants, to certify a question to this court. That procedure is provided for in G.L. 1956 (1985 Reenactment) § 9–24–27, which authorizes the certification of questions of importance to the Supreme Court. We remand for consideration by the District Court.

The question certified is:

"Whether or not the Barrington Town Ordinance No. 86–6 entitled Ordinance Regulating Picketing Within the Town of Barrington violates the First and Fourteenth Amendments to the Constitution of the United States of America and/or the First Amendment to the Constitution of the State of Rhode Island."

■ We have carefully reviewed the ordinance and the memoranda submitted by the parties and amici curiae which address the constitutional issues both federal and state that are raised by the ordinance in question. However, we must point out that this court will not decide a constitutional question if there is another state ground on which the matter can be decided. In *Lonsdale Co. v. City of Providence*, 63 R.I. 28, 35, 7 A.2d 201, 204 (1939), the court stated:

"Ordinarily this court has consistently followed the accepted general rule that it will not pass upon the constitutionality of an act of the legislature unless its determination is indispensably necessary to the determination of the cause. *Newell v. Franklin*, 30 R.I. 258, 265 [74 A. 1009]; *Blais v. Franklin*, [30 R.I. 413, 75 A. 399], *supra; Wells v. Perry*, 50 R.I. 427, 428 [148 A. 317]; *The First National Stores, Inc. v. Lewis*, 51 R.I. 448 [155 A. 534]; *State v. Goldberg*, 61 R.I. 461 [1 A.2d 101]."

Before certifying a question involving the town ordinance to this court under § 9–24–27, the lower court must first determine that the town council had authority from the General Assembly to legislate on the matter addressed in the ordinance. If the court decides there was no authority, then the ordinance is void for that reason and the question of constitutionality is not reached. In *Victory Land Co. v. Halliday*, 65 R.I. 143, 148, 13 A.2d 808, 810 (1940), this court held, "If an ordinance is passed under an enabling act of the legislature, which ordinance is found to transcend the power granted by the act, then such an ordinance is a nullity for that reason and the constitutionality of the act is not then involved." *See also Nugent v. City of East Providence*, 103 R.I. 518, 238 A.2d 758 (1968); *Newport Amusement Co. v. Maher*, 92 R.I. 51, 166 A.2d 216 (1960).

The ordinance in question concerns an exercise of police power. That power is vested in the state and may be exercised by the several cities' and towns' governments only when authorized to do so by the General Assembly within the limitations set by the General Assembly. *State v. Krzak*, 97 R.I. 156, 196 A.2d 417 (1964); *State v. Thurston*, 28 R.I. 265, 66 A. 580 (1907); *State v. McCulla*, 16 R.I. 196, 14 A. 81 (1888); *Petition of Baxter*, 12 R.I. 13 (1877).

For these reasons we must decline to answer the question propounded to us, and we remand the case to the District Court, First Division for further proceedings.