### EMPIRE EQUIPMENT ENGINEERING CO., INC.

v.

### Richard P. SULLIVAN.

### No. 88–148–M.P.

Supreme Court of Rhode Island.

Nov. 7, 1989.

---

David Oliveira, and Peter L. Kennedy, Adler, Pollock & Sheehan, Providence, for Empire Equipment Engineering Co., Inc.

Richard P. Sullivan, pro se.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court on certified questions from the Workers' Compensation Commission. Two questions have been certified by the appellate commission as provided for in G.L.1956 (1986 Reenactment) § 28–35–38.[1] We decline to answer the questions certified and remand to the Workers' Compensation Commission with directions.

On September 13, 1982, the commission found that Richard P. Sullivan (Sullivan)

was partially disabled due to a compensable injury sustained when he aggravated a pre-existing back condition. The decree was appealed to this court and was affirmed in part and reversed in part. *Sullivan v. Empire Equipment Engineering Co.*, 492 A.2d 1212 (R.I.1985).

On October 24, 1986, Sullivan, purportedly acting as a representative of the employer, filed a petition to review the decree. The basis of the petition was Sullivan's contention that he was significantly disabled due to a work-related back injury and that his average weekly wage had been erroneously calculated. In addition, Sullivan alleged misconduct on the part of the attorney representing the employer's workers' compensation insurer, Reliance Insurance Company.

A hearing on the petition was held before the trial commissioner on April 3, 1987. At the hearing Sullivan asserted that he was representing the employer. He is not admitted to practice law in this state or any other. Finding that the employee's attempt to represent another party before the Workers' Compensation Commission violated G.L.1956 (1981 Reenactment) § 11–27–2,[2] the trial commissioner granted Reliance Insurance Company's motion to dismiss the petition.

Sullivan appealed the dismissal to the appellate commission. The appellate commission then certified two questions of law for determination by the court. The two questions are:

1. Are the provisions of G.L.1956 (1986 Reenactment) § 28–35–63 violative of the law pursuant to which only the Supreme

1. General Laws 1956 (1986 Reenactment) § 28–35–38 provides in part:
   "If, in the course of the proceedings in any cause, any question of law shall arise which in the opinion of the workers' compensation commission is of such doubt and importance, and so affects the merits of the controversy, that it ought to be determined by the supreme court before further proceedings, the workers' compensation commission may certify that question to the supreme court for that purpose, and stay all further proceedings * * *."

2. General Laws 1956 (1981 Reenactment) § 11–27–2 provides in part:

"The term 'practice law' as used in this chapter shall be deemed to mean the doing of any act for another person usually done by attorneys at law in the course of their profession, and * * * shall be deemed to include the following:
(1) The appearance or acting as the attorney, solicitor, or representative of another person before any court, referee, master, auditor, division, department, commission, board, judicial person or body authorized or constituted by law to determine any question of law or fact or to exercise any judicial power * * *."

Court in the exercise of its inherent power may authorize and control the practice of law?

2. Does the Workers' Compensation Commission have authority pursuant to G.L.1956 (1986 Reenactment) § 28–35–63 to authorize an officer or employee of the employer, not an attorney, to represent an employer?

■ It has long been established that there is no warrant to certify a question to this court unless at the time of the certification, a decision or ruling on a particular phase of the case necessarily involves a determination of the question of law certified. *State v. Albro*, 102 R.I. 410, 412, 231 A.2d 1, 3 (1967); *see also Town of Barrington v. Blake*, 532 A.2d 955 (R.I.1987). "[T]his court will not decide a constitutional question if there is another state ground on which the matter can be decided." *Id.* at 955.

■ There is a patent conflict of interest when an injured employee attempts to represent the employer in the same petition in which the employee seeks compensation benefits. An attorney may not simultaneously represent adverse parties. It follows then that the injured employee in this case cannot also represent the employer before the Workers' Compensation Commission.

We must decline to answer the certified questions because their resolution is not necessary to a determination of the issues involved. Although the trial commissioner should have dismissed the petition because of the conflict of interest, it is well settled that this court will uphold a correct decision notwithstanding the faulty reasoning upon which it rests. *Fitch v. Dept. of Transportation Division of Motor Vehicles*, 535 A.2d 314, 316 (R.I.1988); *Souza v. O'Hara*, 121 R.I. 88, 90, 395 A.2d 1060, 1061 (1978).

For these reasons we remand the case to the Workers' Compensation Appellate Commission with directions that it enter a decree affirming the decree of the trial commissioner dismissing the petition for review.