HENRY W. SACKETT *et al.,* Trustees, *vs.* JOHN F. PAINE *et al.*

MARCH 19, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

STEARNS, J. This is a bill in equity brought by the complainants, the present trustees, under the will of Daniel Paine, deceased, for instructions in regard to the disposition to be made by the trustees of a certain share of the real estate and the proceeds of the sale of other real estate subject to the trusts created by the will.

Daniel Paine, a resident of Providence, died in 1866. He left a will, which was duly probated, by which he gave the residue of his estate to certain trustees in trust to hold equally for the benefit of his three children, Martha E. Griswold, Emma L. Paine (later Emma L. Sackett) and Charles E. Paine, to pay to each child upon written request from time to time such sums as each might desire on account of such child's portion of the residue, not exceeding for each daughter one-half and for his son three-fourths of the portion of each. The particular clause of the will in question is as follows: "They" (the trustees) "shall hold the remainder of the property and estate herein devised to each of my said children after payment to them of the sums called for as aforesaid, and pay to each of them the rents, profits and income of his or her portion of said property and estate during his or her natural life and at his or her death shall transfer and convey the same to his or her lineal descendants if any there be, and if there be no lineal descendants then

equally to the survivors of my said children, or to their lineal descendants if any there be, the descendants of any child to have the portion which their parent if living would have taken."

Martha E. Griswold died in 1884, leaving two sons; Emma L. Paine Sackett died in 1922, leaving a daughter and two sons; Charles E. Paine died intestate August 12, 1923, leaving as his only heirs a son, the respondent, John F. Paine, and a daugher, Louisa P. Tingley.

In 1913 Eliza T. Paine, wife of Charles E. Paine, brought an action at law against her son, John F. Paine, to recover certain sums of money alleged to be due, and attached all the right and interest of John F. Paine in the real estate held in trust for the benefit of Charles E. Paine by the trustees of Daniel Paine. Eliza T. Paine recovered a judgment and thereafter the interest of John F. Paine was levied upon under an execution and was sold to her at execution sale and conveyed to her by a sheriff's deed in 1918. After the commencement of said action at law a portion of said real estate was sold by the trustees of Daniel Paine and the proceeds are now held by the complainants, trustees. Eliza T. Paine died February 12, 1923, leaving a will which was duly probated.

It is admitted that whatever right, title or interest, if any, Eliza T. Paine received by the sheriff's deed passed by her will to the respondents, the executor and trustees under her will; and that if they have not the right to receive the one-half interest in question, the respondent John F. Paine has.

The sole question, except as between the executor and the trustees under the will of Eliza T. Paine, is whether the respondent John F. Paine during his father's lifetime had any property right in the trust estate, under the will of Daniel Paine, which was subject to attachment and sale on execution.

The answer to this question is dependent upon the construction of the clause of the will above quoted. The legal effect of this clause has already been twice decided by this court in proceedings in which all parties in interest were

represented. The question was first decided in 1905, in *Paine* v. *Sackett*, 27 R. I. 300. In that case Charles Edward Paine, who was then one of the trustees under the will of Daniel Paine, brought a bill in equity against his co-trustees and all other persons interested in the trust estate. The facts so far as they are pertinent to the present inquiry, are as follows. In August, 1903, Charles Edward Paine conveyed by deed to his wife Eliza T. Paine all of his interest in the trust estate, describing the real estate by metes and bounds and stating his intention to bar the entail in his portion of the real estate held in trust under the terms of the will of Daniel Paine. The complainant, Charles Edward Paine, alleged that Eliza T. Paine had requested the trustees to convey said portion of the trust real estate to her in fee simple free from all trusts; that complainant was willing to do this but that the other trustees declined to do as requested; the prayer of the bill was that the trustees be directed to convey the legal title of his portion of the trust estate to the said Eliza T. Paine. On demurrer it was held that the estates given to the children of Daniel Paine were equitable estates tail, and that the deed of Charles Edward Paine to his wife did not bar the entail. Both of the issues thus decided by the court were fully briefed and argued by the adversary parties. The decision was rested on the two issues jointly, and the judgment is conclusive on both. 15 R. C. L. 980. The rule of law is thus stated by Chief Justice Waite in *Railroad Companies* v. *Schutte*, 103 U. S. 118, 143: "It can not be said that a case is not authority on one point, because, although that point was properly presented and decided in the regular course of the consideration of the cause, something else was found in the end which disposed of the whole matter."

In the second case, *Green* v. *Edwards*, 31 R. I. 1, decided in 1910, the question at issue was whether the complainant Green had acquired a fee simple interest in the share of Emma L. Sackett in the trust estate, under a deed from her purporting to convey to Green in fee simple all of her interest

in the trust property and stating therein her intention to bar the entail. The proceeding was by a bill in equity; the relief sought was that the trustees be directed to convey to Green in fee simple the legal title, free from the trust. It was earnestly argued by counsel that the decision in *Paine* v. *Sackett*, that the estates of the children of Daniel Paine were estates tail, was not *res judicata*, (1) for the reason that the determination of that question was not necessary to the final determination of the cause; (2) because no final decree had ever been entered therein. Thereafter a reargument by order of the court was had.

Three questions were raised for decision:

1. Was the decision in *Paine* v. *Sackett*, that the estates of the children were estates tail, *res judicata?*

2. If not, were the estates of the children of Daniel Paine equitable estates tail or life estates?

3. That, even if the estates of these children were estates tail, nevertheless the complainant Green was not entitled to receive a conveyance from the trustees because the statute permitting a previously existing equitable estate tail to be barred was unconstitutional.

This court held that the opinion in *Paine* v. *Sackett* was *res judicata* for all parties interested under the will although no decree had been entered therein and again decided that the interests of the children of Daniel Paine were equitable estates tail. One of the justices, in a separate opinion, held that it was unnecessary to determine the question of *res judicata*; another justice, in a separate opinion, stated that he could not assent to the reasoning of the majority of the court upon the question of *res judicata*. But both of these justices concurred with the majority of the court that the deed of Emma L. Sackett was ineffectual to bar the entail and the remainders limited thereafter. The court was unanimous in the opinion that the statute relied upon by complainant, which authorized the barring of equitable estates tail, was unconstitutional.

The respondents, the executor and the trustees under the will of Eliza T. Paine, now claim that the interest of John F. Paine when it was attached and sold was a remainder, contingent or vested, following a life estate in the father, Charles E. Paine, or a possibility coupled with an interest. The argument is that all the court was forced to decide in order to overrule the demurrer in *Paine* v. *Sackett* or to dismiss the bill in *Green* v. *Edwards,* was to determine that the interest of Charles E. Paine or of Emma L. Sackett was either an equitable life estate or an equitable estate tail; in neither event would the conveyance give to the grantee the right to demand from Daniel Paine's trustees a conveyance in fee simple; that the portion of the opinion of the court in *Green* v. *Edwards,* which held the estate of Emma L. Sackett to be an equitable estate tail was not necessary for the final determination of *Green* v. *Edwards* and hence was *obiter dictum* and is not now binding on the court in the construction of the clause in question.

The purpose of the present proceeding is in effect an attempt to re-open an issue which has been already twice decided by this court. The complainants, trustees, relying on the decision of this issue, given years ago, have acted in distributing certain portions of the trust estate in a different manner than they would have done if the descendants of the children took vested remainders. In the circumstances this fact alone might properly justify the court in a refusal to reconsider the construction of the will, so long acquiesced in by the parties,—but we do not decide the case on this basis. Without questioning the authority of *Paine* v. *Sackett* or the conclusiveness of the opinion thereon in *Green* v. *Edwards,* there is one fact in regard to the latter case which is in itself decisive. In *Green* v. *Edwards* this court decided that a retroactive statute permitting the barring of equitable estates tail was unconstitutional. The law in this State, and generally elsewhere, is that the courts will not pass upon the constitutionality of a statute unless such action is unavoidable. If there is any issue in a case upon which a

decision may properly be made, the court will decide the case upon that issue and will not decide the question of constitutionality; in this State it has been repeatedly decided that one can not question the constitutionality of a statute unless his rights would be affected by its enforcement. *State* v. *Snow*, 3 R. I. 64; *State* v. *Mylod*, 20 R. I. 632; *Newell* v. *Franklin et al.*, 30 R. I. 258; *State* v. *Heffernan*, 40 R. I. 121; see also *Howat* v. *Kansas*, 258 U. S. 180, 184; Cooley on Const. Law (2nd ed.) 153, 154.

The decision then in *Green* v. *Edwards*, that the estate of Emma L. Sackett was an estate tail, was fundamental and indispensable, for unless she had such an estate the statute was inapplicable and the decision of its invalidity improper. The nature of the estates taken by the children of Daniel Paine is thus conclusively settled. Did John F. Paine have any property interest in the trust estate which was subject to attachment?

The statute (formerly Rev. Stat. 1857, C. 154, s. 2, now G. L. 1923, C. 298, s. 10) provides that "no person seised in fee simple shall have a right to devise any estate in fee-tail for a longer time than to the children of the first devisee." In *Wilcox* v. *Heywood*, 12 R. I. 196, this court, construing this statute, held that the words "first devisee" meant "first devisee in tail"; that an entailment lasts through the life of the first devisee until the estate passes to the children and no longer, the estate being disentailed as soon as it reaches the children, by operation of the statute, and enlarged into an estate in fee simple. John F. Paine, having been alive at his father's death and having then been determined to be one of two heirs of his body, became half owner of an equitable estate tail in the trust property, which estate then became disentailed by operation of the statute and at the very time of its vesting in him and his sister was enlarged into an equitable estate in fee simple. As no person is heir of a living person, John F. Paine during his father's lifetime had only a possibility of succeeding to the entailed property upon the death of his father, by at that

time coming within the description of "heirs of his body"; he had no property in the ordinary sense in the entailed estate and it was not certain that he ever would have. Had he died during the lifetime of his father no estate would ever have vested in him; he had a possibility of an estate not coupled with an interest. Such a bare possibility or mere expectancy of acquiring property can not be disposed of by will, or by deed without covenant of warranty, nor is it subject to attachment. The principle governing is thus stated in *Re Wetmore*, 108 Fed. Rep. 520, 523, and is cited with approval in *Luttgen* v. *Tiffany*, 37 R. I. 416; as the contingency or uncertainty relates to the person and not merely to the event, no particular person while so unascertained can be held to have a property right to or in the subject matter of the gift or limitation. See also *De Mill* v. *Lockwood*, 3 Blatch. (U. S.) 56; *Dart* v. *Dart*, 7 Conn. 250; *Comstock* v. *Gay*, 51 Conn. 45; *Davis* v. *Hayden*, 9 Mass. 514, 519; *People* v. *Emery*, 145 N. E. (Ill.) 349; *Smith* v. *Pendell*, 19 Conn. 107; *Brown* v. *Williams*, 5 R. I. 309; *Bailey* v. *Hoppin*, 12 R. I. 560; *R. I. Hos. Trs. Co.* v. *Harris*, 20 R. I. 408. It is true that the heir apparent or presumptive may by warranty deed in fee simple pass title to the property of which he subsequently becomes the owner. Although no present interest passes by the conveyance, it is generally held that the conveyance operates by estoppel; that the grantor by his conduct is estopped from withholding the property from the grantee. But no such effect can be given to an attachment, an adversary proceeding.

As John F. Paine had no property interest in the trust estate at the time of the attachment the provisions of Gen. Laws, 1923, C. 296, s. 23, that "Hereafter a contingent, an executory, and a future interest, and a possibility coupled with an interest, in any tenements or hereditaments of any tenure . . . may be disposed of by legal conveyance or will; but no such disposition shall, by force only of this section, defeat or enlarge an estate tail," have no application to the case at bar.

As already stated, the mere expectation of an estate is not an interest therein in the statutory sense. Such an expectancy, although it may be of some value, does not thereby become subject to attachment. In *Carroll* v. *Sanford,* 34 R. I. 337, it was held that an estate by curtesy initiate is not subject to attachment for the debts of the husband. In the case at bar as the attachment was ineffective John F. Paine is now entitled to receive his share of the trust estate.

The parties may present a form of decree in accordance with this opinion.

*Edwards & Angell, Edward P. Jastram, Walter A. Edwards,* for complainants.

*Gardner, Moss & Haslam, William W. Moss,* for John F. Paine, respondent.

*Walling & Walling, Everett L. Walling, Lester S. Walling,* for respondent Executor and Trustees.

