George G. Lamothe *et ux. vs.* Zoning Board of Review of the Town of Cumberland.

AUGUST 13, 1953.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This petition for a writ of certiorari was brought to review the decision of the respondent board granting an appeal from the issuance by the building inspector of a permit to extend a nonconforming use in a residential zone.   Pursuant to the writ the respondent board has certified to this court the pertinent records of its meetings and decision.

The petitioners, George G. Lamothe and Doris M. Lamothe, husband and wife, are the owners of lots numbered 55, 56 and 69 to 72 inclusive on assessors' plat No. 53 of the tax assessors in the town of Cumberland.   Since about November 10, 1951, when there was no zoning ordinance, petitioners were engaged commercially in the poultry business and on lots 71 and 72 had a building or coop to accommodate 300 to 400 hens.

The town council of Cumberland on May 22, 1952, following several public hearings, adopted a zoning ordinance which divided the town into residence, business, industrial and agricultural districts.   The land where petitioners' lots are located was zoned as residence A.   At that time, according to the instant petition, there were several nonconforming business uses in the general neighborhood in addition to that of petitioners.   One of these was an auto body repair busi-

ness owned by Walter Rymanski, hereinafter called the remonstrant.

It is alleged that petitioners, desiring to expand the business in which they had been engaged at that location prior to the enactment of the zoning ordinance, sought and obtained from the building inspector on August 18, 1952 a permit to build an addition to the original part of the building covering 2400 square feet and extending over onto certain of their other lots. It is further alleged that pursuant to permission from the building inspector the petitioners had placed the foundation for such extension on lots 71 and 70, and partly on lot 69, and had constructed the sides and the roof above the foundation at a cost of $3,000; and that the town council at its meeting in September 1952 received and duly recorded without objection the report of the building inspector, including the granting of petitioners' building permit.

The town council did not appoint a zoning board of review in accordance with the enabling act, general laws 1938, chapter 342, and as required by the ordinance until December 11, 1952. Moreover the board did not organize and promulgate rules and regulations until January 14, 1953, and the remonstrant's appeal was accordingly referred to a meeting to be held February 17, 1953. At that meeting the board decided by a majority vote that: "Mr. LaMothe cannot operate this business without a variance in the present zoning law and this Board will not at any time consider a variance in the Zoning Law to permit the raising and/or keeping of poultry for sale or otherwise, on lots of land in Cumberland" which apparently included the lots herein described.

The petitioners argue in substance that the ordinance is unconstitutional in that it deprives them of due process; that if the ordinance is constitutional it nevertheless was ineffective to clothe the respondent with authority to make binding decisions until the board had been appointed and organized and had promulgated rules and regulations; that in any event the decision is in excess of the board's jurisdic-

tion in attempting to enjoin petitioners from engaging in the future in the poultry business at said location; and that the decision is otherwise arbitrary and invalid as to petitioners.

It is well established that this court will not consider the . alleged unconstitutionality of a statute or ordinance unless it is necessary and indispensable to the disposition of the case. *Sackett* v. *Paine*, 46 R. I. 439; *Lonsdale Co.* v. *City of Providence*, 63 R. I. 28. In our judgment the instant case can be decided on other points that are raised in the petition and therefore we need not discuss the argument on constitutionality. For our purposes, therefore, we shall assume that the ordinance is constitutional.

The petitioners contend that section 8 of the enabling act, G. L. 1938, chap. 342, expressly requires that any ordinance shall provide "for the selection and organization of a board of review, and in the regulations and restrictions adopted pursuant to the authority of this chapter shall provide that said board of review may, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions * * *."

The petitioners contend that while the ordinance provided for a zoning board of review, it was not selected until December 11, 1952, was not organized until December 17, 1952, and did not adopt and issue regulations until January 14, 1953. Between the adoption of the ordinance on May 22, 1952 and the appointment and proper functioning of the respondent board, it is argued there was no forum in which petitioners could have applied for an exception or variance and none where administrative decisions affecting the use of their property could be reviewed. In the circumstances petitioners contend substantially that because of such defect the zoning ordinance is invalid, or at least was not operative, so far as they were concerned, until January 14, 1953.

We do not think that the ordinance should be considered invalid merely because of the delay in fulfilling the provisions as to the selection, organization and proper functioning

of the zoning board of review. The ordinance appears to have a provision for the selection and organization of such a board with authority to grant, in appropriate cases and within the provisions of the ordinance and the board's regulations, special exceptions and variances in accordance with the enabling act.

But a zoning ordinance is in derogation of the common-law rights of property owners and must be strictly construed. The failure to appoint and organize a zoning board of review in effect left petitioners and also any remonstrant virtually without a proper forum, as prescribed in mandatory terms by both the enabling act and the ordinance, wherein their rights could be determined administratively. Here the respondent board did not adopt and promulgate its rules and regulations until January 14, 1953. It is undisputed that before that date petitioners had made certain improvements and expenditures under a permit duly issued by the building inspector and impliedly approved by the town council. Therefore in the special circumstances petitioners were entitled to claim their common-law rights, at least up to the date when the zoning board was properly constituted, organized and had promulgated its rules and regulations.

The respondent claims, however, that the town council had inherent power to constitute itself as a zoning board; that it had acted as an interim zoning board of review; and that petitioners could and should have filed with said council a petition for a variance. The record, however, does not show any ordinance by which the town council was so constituted. Nor does it appear that it had in fact acted as such an interim board. Moreover since petitioners were acting under a permit from the building inspector they had no reason to file a petition for a variance. Even if the town council had exercised the power of a zoning board of review, as claimed by respondent, then the remonstrant's appeal from the granting of a building permit could and should have been filed in reasonable time with the town council as such board in order to prevent unnecessary expense and injury

to petitioners. However, he waited until January 14, 1953. Either the remonstrant felt that the town council had not been acting as the properly constituted zoning board or he did not file his petition in seasonable time, because petitioners, acting under the permit that had not been canceled or stayed, already had extended their operations at great expense as set forth in the petition.

Further, the board clearly exceeded its jurisdiction in attempting by its decision to enjoin petitioners from engaging in the future in the poultry business at that location. There is no provision in the ordinance authorizing the board to exercise such jurisdiction. In any event that prerogative belongs to the court and not to the zoning board.

Moreover the decision not only seeks to enjoin the petitioners from certain lawful activities on their land as a nonconforming use but also states in effect that the board would never grant a variance at any time in the future to permit the use of that land for such a purpose. Their action in rendering a conclusive and comprehensive decision thereon, although such a petition was not before them, clearly indicates an arbitrary prejudgment of the status and rights of the petitioners. In the circumstances, we are of the opinion that the decision, so far as petitioners are concerned, is erroneous.

The petition for certiorari is granted, the decision of the respondent board is reversed, and the papers and records certified to this court are ordered returned to the respondent board.

*William J. Gearon,* for petitioners.

*Frank O. Lind, Jr.,* Town Solicitor, *Thomas J. Kane,* for respondent.