## STATE *vs.* ALBERT CAMBIO.

JULY 19, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

BAKER, J. In this case the defendant was found guilty, first in a district court and then by a jury in the superior court, under a complaint and warrant charging him as a second offense with operating a motor vehicle on a public highway of this state while under the influence of intoxicating liquor. Following the denial by the trial justice in the superior court of his motion for a new trial, the defendant has duly prosecuted to this court a bill of exceptions.

Only one exception is being pressed. This is to a decision of a justice of the superior court overruling the defendant's plea to the jurisdiction of that court. The record shows that, prior to the assignment day of the case in the superior court for Kent county, the defendant filed a special entry of appearance solely for the purpose of contesting the jurisdiction of the court, and also a special plea in the following terms attacking such jurisdiction:

"The said defendant says that this court ought not to take cognizance of the complaint herein specified because he says that on the, to wit, day of August, 1943, the said defendant was operating an automobile in an erratic manner along the West Shore road, so called, in the city of Warwick, said county and state; that on reaching a point nearly oppo-

site his home, he turned said automobile into an adjoining lot; that he backed out of said lot and drove into the driveway of his yard and brought his automobile to a stop; that, during the drive along West Shore road, he was followed by a police officer of said city of Warwick; that after said defendant stopped his automobile in his own yard, said officer summoned a superior officer and the defendant, while sitting in his parked automobile in his own yard adjoining his dwelling house, was placed under arrest by said officers; that at no time during the said drive along said road nor when the defendant drove into and stopped his automobile in his own yard was there any breach of the peace; that at the time and place of said arrest, the said officers had no warrant in their possession authorizing and commanding them or either of them to arrest the said defendant. And this the defendant is ready to verify. Wherefore he prays judgment if this court ought to take cognizance of the within complaint, and that he may be dismissed and discharged."

To this plea the state filed no replication or other answer. At the hearing on the plea no evidence was introduced by either party, but the facts stated therein were apparently admitted as being correct and the matter was treated as though it was being heard on a demurrer to the plea.

The defendant contends that his plea should have been sustained because the facts set out therein show that he had committed no crime; that the peace officer had no authority, without a warrant, to enter upon the defendant's premises and there arrest him forthwith; and that, as his arrest was illegal, he should have been discharged. The state, however, argues that, in view of all the circumstances set out in the plea and the provisions of the statute relied on, the arrest was not necessarily invalidated merely because the peace officer had no warrant or because the arrest was made on the defendant's premises; and finally it argues that, even if the arrest was illegal, since the court had jurisdiction of the subject matter and the defendant was actually before it, such illegality was immaterial.

In support of its position that the arrest of the defendant in this case was properly made without a warrant the state calls our attention to G. L. 1938, chap. 625, §68, as amended by P. L. 1941, chap. 982, section 1. This section reads in part as follows: "Clause 5. *Arrest Without a Warrant for a Misdemeanor.* A peace officer may without a warrant arrest a person for a misdemeanor, whenever: (a) The officer has reasonable ground to believe that a misdemeanor has been or is being committed in his presence and that the person to be arrested has committed or is committing it. (b) The person to be arrested in fact has committed or is committing a misdemeanor in the presence of the officer, and in such case it shall be immaterial that the officer did not believe him guilty or on unreasonable ground entertained belief in his guilt."

By this clause a peace officer is given certain definite and comprehensive authority in respect to arresting without a warrant one committing, or believed to be committing, a misdemeanor in the officer's presence. Apparently, according to the above statute, the misdemeanor in question need not necessarily involve a breach of the peace. The defendant, however, contends that even under that statute the arresting officer had no right to enter his enclosure, as appears from the plea, and then and there arrest him without any warrant. The defendant maintains that under the circumstances appearing from said plea he had a right to rely on the common-law doctrine that his house was his castle and could not, broadly speaking, be invaded even by peace officers for the purpose of arresting him, and that such doctrine extended to the curtilage or land surrounding his dwelling house and used in the conduct of family affairs. See 4 Bl. Com. 224.

It is clear, however, that the above common-law doctrine, involving the right of privacy and security of domicile, if it can properly be considered to apply where the service of criminal process and the matter of arrest by peace officers is concerned, is of a narrower and more limited scope than

in like matters of a civil nature between party and party. Further, in our opinion, the said doctrine, as such, is of little aid to the defendant in the instant case, particularly in view of the unqualified nature of the language employed in the above statute relied on by the state.

The quoted provisions of such statute are clear and unambiguous. They give, under the conditions and circumstances set out therein, broad and general powers, without any exception, reservation or limitation, to peace officers to arrest without a warrant for a misdemeanor. The constitutionality of that statute has not been questioned properly on the record here, as required by law. See *Blais* v. *Franklin,* 30 R. I. 413. Therefore we must assume, for the purposes of this case, that it was constitutional and that it was the intention of the legislature to grant to peace officers the added power to arrest without a warrant in accordance with the plain terms of the statute.

So construed we are of the opinion that, as the state contends, the quoted clauses apply to the facts and circumstances disclosed in the defendant's plea. Such clauses therefore furnished the authority to the peace officers in question to arrest the defendant and such arrest was valid and legal.

As we have held the defendant's arrest to be legal under the circumstances appearing herein, we are not called upon to consider other issues advanced by the state.

The defendant's exception is overruled, and the case is remitted to the superior court for further proceedings.

ON MOTION FOR REARGUMENT
OCTOBER 17, 1945.

PER CURIAM. The defendant by leave of court filed a motion for permission to reargue on the ground that this court did not decide in its opinion the question of the trial court's jurisdiction over the subject matter of the offense, as set forth in the defendant's plea, as contrasted with that court's jurisdiction over the person of the defendant on the basis of his arrest without a warrant.

Upon consideration the defendant's said motion is granted, but the reargument is to be limited to the ground above stated and is not to cover any matters already decided by this court in its opinion filed herein.