DECISION
Before the Court is the Motion for Summary Judgment of Defendant Enterprise-Rent-A-Car Company of Rhode Island (hereinafter "Enterprise").
The Sarpus seek recovery for injuries incurred during a motor vehicle collision in 2005. They allege that the driver of the other car, Ms. Delano, and the vehicle's owner, Enterprise, are liable. Enterprise rented the car to Ms. Delano.
Enterprise contends that the Graves Amendment to the Federal Safe, Accountable, Flexible, Efficient, Transportation Equity Act,119 Stat. 1144, expressly preempts it from liability herein. The statute states, in part (a) In general. — An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to person or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if-
 (1) the owner (or affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and *Page 2 
 (2) there is no negligence or criminal wrongdoing on part of the owner (or an affiliate of the owner).
 (b) Financial responsibility laws. — Nothing in this section supersedes the law of any State or political subdivision thereof —
 (1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or
 (2) imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.
 42 U.S.C. section 30106, (emphasis added.)
Enterprise claims that the Graves Amendment preempts G.L. 1956 § 31-34-4, which provides:
 (a) Any owner of a for hire motor vehicle or truck who has given proof of financial responsibility under this chapter or who in violation of this chapter has failed to give proof of financial responsibility, shall be jointly and severally liable with any person operating the vehicle for any damages caused by the negligence of any person operating the vehicle by or with the permission of the owner. Nothing in this section shall be construed to prevent an owner who has furnished proof of financial responsibility or any person operating the vehicle from making defense in an action upon the ground of contributory negligence to the extent to which the defense is allowed in other cases.
By its plain language § 31-34-4 is a financial responsibility law. It requires rental vehicle owners to establish their financial responsibility and imposes liability on those "in the business of renting" for their failure to do so.
Enterprise asserts that § 31-34-4 provides a cause of action that has been preempted by the Graves Amendment. Enterprise is in the business of renting motor vehicles. Plaintiffs' complaint does not allege any negligence or criminal wrongdoing on *Page 3 
the part of Enterprise. Rather, the sole basis of liability is based on Enterprise's ownership of the vehicle. Therefore, 49 U.S.C. § 30106
applies, but claims based on financial responsibility are not preempted. Indeed, the Court must presume against preemption when a claim of preemption is based on a conflict between federal and state law.New York v. Federal Energy Regulatory Commission, 535 U.S. 1, 18,152 L.Ed.2d 47, 122 S.Ct. 1012, (2002).
Ms. Delano counters that the Graves Amendment cannot preempt Rhode Island's financial responsibility statute because the Graves Amendment is not a Constitutional exercise of Congressional power under the Commerce Clause. Just last week, the Rhode Island Supreme Court reminded us to use `the greatest possible caution when reviewing a constitutional challenge to a statute.' State v. Germane, R.I. Supreme Court, June 1, 2009, case number 2006-169 C.A., page 26, (citing State v. Faria,947 A.2d 863, 867 (R.I. 2008)). Our Supreme Court continued that
 A corollary of that cautionary principle is that, when we assess a challenge to the constitutionality of a statute, we begin with the principle "that legislative enactments of the General Assembly are presumed to be valid and constitutional, Id. citing Newport Court Club Associates v. Town Council of Middletown, 800A.2d 405, 409 (R.I. 2002).
This Court will heed the warning of the high court and provide the federal statute with the same measure of presumed validity.
Whether or not the Graves Amendment violates the Commerce Clause is a fascinating question. Article I, Section 8 of the United States Constitution provides "Congress shall have the power to . . . regulate commerce . . . among the several states *Page 4 
. . ." The United States Supreme Court has not yet addressed whether the Graves Amendment is an appropriate constitutional exercise of Congress. The intention to preempt state law may arise explicitly from the language employed in the statute or implicitly from the statute's structure and purpose. Fry v. Allergan Medical Optics, 695 A.2d 511, 514
(R.I. 1997) (citing Morales v. Trans World Airlines, Inc., 504 U.S. 374,383, 112 S.Ct. 2031, 2036, 119 L.Ed.2d 157, 167 (1992)). However, the recent case of Wyeth v. Levine, — U.S.-, 129 S.Ct. 1187, 173 L.Ed.2d 51,77 USLW 4165, (March 4, 2009) may herald a shift in the high court's view of preemption. (Court will look to "the clear and manifest purpose of Congress" in preemption issues.)
Several courts, including the Eleventh Circuit, have considered the constitutionality of the Graves Amendment, and most have concluded that the federal statute is constitutional as emanating from Congress's Commerce power. See Garcia v. Vanguard Car Rental USA, Inc.,540 F.3d 1242, 1253 (11th Cir. 2008) (held Graves Amendment valid under the aggregate doctrine of the Commerce Clause). The United States District for the Southern District of Florida, however, has held that the Graves Amendment is unconstitutional. See Vanguard Car Rental USA, Inc. v.Drouin, 521 F.Supp.2d 1343 (S.D. Fla. 2007); Vanguard Car Rental USA,Inc. v. Huchon, 532 F.Supp.2d 1371 (S.D. Fla. 2007).
While these issues are of interest, it is not the role of this Court to delve into such areas without a need to do so. Having determined that the financial responsibility statute is not preempted by federal statute, this Court's query is at an end. As our high court recently reminded us in Chambers v. Ormiston, 935 A.2d 956 (R.I. 2007):
 Having made that determination as to the statute's unambiguous meaning, our role is at an end; we have no *Page 5 
constitutional authority to extend the scope of this or any other statute. Citizens for Preservation of Waterman Lake v. Davis, 420 A.2d 53, 57 (R.I. 1980). . . .The role of the judicial branch is not to make policy, but simply to determine the legislative intent as expressed in the statutes enacted by the General Assembly. . . .
 . . . As we said years ago with respect to another statute, `"the court is to go no faster and no farther than the Legislature has gone."' State v. Goldberg, 61 R.I. 461, 468, 1 A.2d 101, 104 (1938) (quoting Howard v. Howard, 120 Me. 479, 115 A. 259, 260 (Me. 1921)) . . .
This Court, mindful of its limited role, will not delve into issues unless and until it is proper and necessary to do, including current federal constitutional questions. While these issues are all worthy of further consideration, they should not be weighed in the context of this case.
One further note is worthy of mention: Enterprise has already acted in reliance on the financial responsibility laws of Rhode Island. To post a financial responsibility bond, and rely on that bond to do business in a state, then object to a claim against the bond (on federal constitutional grounds) is counter-intuitive.
Enterprise's Motion for Summary Judgment is denied.