226 A.2d 420.

RHODE ISLAND DAIRY QUEEN, INC. *vs.* PERCY BURKE.

FEBRUARY 9, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The question presented by this appeal is whether a motion to amend a decree more than two years after its rendition so as to include interest from the date of default to the date of the decision should be granted.

On February 6, 1964, Rhode Island Dairy Queen, Inc., hereinafter referred to as complainant, filed a motion to determine the amount of interest owed it by Percy Burke, hereinafter referred to as respondent. The court below entered a decree in which the motion was denied and complainant pursued its appeal as provided by law.

In 1957 complainant's predecessors brought a bill in equity seeking an accounting, injunctive relief, and specific performance. A justice of the superior court denied the relief sought but entered a decision awarding damages. The decree, prepared by the attorneys for complainant and entered in the superior court on January 22, 1962, provides, inter alia:

"2. The respondent is ordered to pay to the complainant the sum of Five Thousand Nine Hundred Nine and 70/100 ($5,909.70) Dollars and the costs."

It made no mention of interest.

That decision was affirmed by this court in *Rhode Island Dairy Queen, Inc.* v. *Burke,* 95 R. I. 339, in which the rather extensive factual circumstances of the litigation are stated. Therefore it is not necessary to repeat them here.

On March 22, 1963 the attorneys for both parties entered into a letter agreement which states that complainant would accept $5,909.70 as the amount due and owing, $209.50 as costs and $403.76 as interest from January 10, 1962 (the date of the decision in the superior court) to February 26, 1963. The agreement also stipulates that

complainant does not waive its right to interest that may be due from the date of default, April 15, 1955, to the date of decision, January 10, 1962.

In February 1964, complainant filed the instant motion to fix the amount of interest owed to it, including interest from the date of default to the date of decision. A justice of the superior court denied the motion and we believe correctly so.

The complainant contends that interest should be allowed from the date of default as an invariable legal incident of the principal debt, and that the court has inherent jurisdiction to assess such interest. In the view we take of this case we deem it unnecessary to determine whether the interest allegedly owed from the date of default to the date of decision is an invariable legal incident of the principal debt.

The complainant next contends that P. L. 1958, chap. 126, prior to its amendment by P. L. 1965, chap. 55, sec. 36, gives the superior court, by analogy, inherent jurisdiction to assess the interest sought in this case. The statute, prior to its amendment, read as follows:

> "In causes of action and actions of trespass and trespass on the case for damages to the person or to real and personal estate in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest thereon from the date of the writ which shall be included in the judgment entered therein."

On January 10, 1966 the amendment to this section became effective. Since the decree was entered after the enactment of the original statute but before the enactment of the amendment, the statute in its original form applies. General Laws 1956, §43-3-22.

The language of P. L. 1958, chap. 126, is clear and unambiguous. It mandates that interest shall be added from the date of the writ in "causes of action and actions of trespass and trespass on the case for damages to the person

or to real and personal estate * * *." Even if this action is one of assumpsit for breach of contract, as complainant avers (but see *Rhode Island Dairy Queen, Inc.* v. *Burke, supra,* at page 346, in which the court states that complainant does not "seek to recover for payments due under the agreement. Rather, it seeks to recover damages for a willful violation of and interference with the exclusive rights of complainant's franchise * * *."), it plainly is not encompassed by the language of the statute. If the legislature wished to include in the statute cases of the instant description, it would have said so. To construe the statute as complainant argues would strain the clear and unambiguous language thereof and would violate well-established rules of statutory construction. *Brown & Sharpe Mfg. Co.* v. *Dean,* 89 R. I. 108, 116. This the court will not do; the court will go no " 'farther than the legislature has gone.' " *State* v. *Goldberg,* 61 R. I. 461, 468.

The complainant cites *Kastal* v. *Hickory House, Inc.,* 95 R. I. 366, as authority to support its position. Because the plaintiff in that case commenced her action by a writ of trespass on the case it clearly fell within the language of the statute. However, as stated above, since the case at bar is not encompassed by the statute, *Kastal, supra,* is clearly distinguishable.

Moreover the superior court was without jurisdiction to grant the motion because of the expiration of the time limit declared in G. L. 1956, §9-21-2. Although this statute was amended, effective January 10, 1966, the original enactment applies. General Laws 1956, §43-3-22.

Section 9-21-2, prior to its amendment, in pertinent part read as follows:

> "* * * in case of decrees in all equity causes and causes following the course of equity, the court entering the same shall have control over the same for the period of six (6) months after the entry thereof, and may, for cause shown, set aside the same and reinstate

the cause, or make new entry and take other proceedings * * *."

After the expiration of six months the superior court loses control of its decrees, and no further amendment thereof is allowed. The opinion in *Porter Trucking Co.* v. *Carolina Freight Carriers Corp.*, 96 R. I. 503, is determinative of the case at bar.

In construing §9-21-2, the court said, at page 504:

"* * * the statute limits the exercise of the power of the superior court to control its judgments to the six-month period immediately following their entry and that after the expiration of such period the court is without authority to act with respect to such judgments.

"It is our opinion that this statute is merely declarative of the common-law power of a court to exercise control over its judgments at least during the term of court in which they were entered. It seems clear that the legislative purpose of its enactment was to prescribe a definite limit as to the period of time in which the court could properly exercise that power. In such circumstance the statute must be deemed to have the effect of terminating the authority of the court to vacate or otherwise alter its judgments after the expiration of the period of time therein set out. * * *

"* * * It is our opinion that in this circumstance there must be a literal compliance with the pertinent provision of the statute."

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for complainant.

*Hinckley, Allen, Salisbury & Parsons, Guy J. Wells,* for respondent.