March 10, 2021

**Supreme Court**

No. 2019-186-Appeal.
(PC 17-1994)

Latonya Marzett          :

v.          :

Amanda Letendre, alias, et al.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Latonya Marzett            :

v.                          :

Amanda Letendre, alias, et al.       :

Present:  Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The instant case arises out of a dispute between the plaintiff-landlord, Latonya Marzett, and the defendants-tenants, Amanda Letendre and Jason Gamache (the tenants), with respect to conduct that allegedly occurred in the context of their landlord-tenant relationship.  What first must be decided, however, is the narrow and potentially dispositive issue of whether or not the Superior Court—where the complaint in this case was originally filed—had subject matter jurisdiction over the causes of action set forth in the complaint.  The hearing justice found that the Superior Court could not properly exercise subject matter jurisdiction in this matter; accordingly, she dismissed Ms. Marzett's complaint as well as the tenants' counterclaims.  Ms. Marzett timely appealed.  This case came before the Supreme Court for oral argument pursuant to

- 1 -

an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After examining the written and oral submissions of the parties, we are of the opinion that cause has not been shown and that the appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

## I

## Facts and Travel

It is undisputed that Ms. Marzett owns a certain parcel of real property located at 385 Church Street in Burrillville (the subject property). It is further undisputed that, on May 1, 2014, the tenants entered into a written lease agreement with Ms. Marzett to rent the subject property. Pursuant to the terms of that agreement, the tenants agreed to pay monthly rent in the amount of $1,425; they also agreed to pay a security deposit in the same amount. On January 11, 2017, after having resided at the premises for over two-and-one-half years, the tenants informed Ms. Marzett that they would not be renewing their lease and that they would be vacating the subject property no later than February 4, 2017.

On May 3, 2017, Ms. Marzett filed a complaint in the Providence County Superior Court seeking damages from the tenants in the amount of $26,101.48 less the security deposit, which she had retained. The tenants answered the complaint on May 15, 2017, setting forth twenty-three affirmative defenses; and they also

included a six-count counterclaim. On May 29, 2017, Ms. Marzett filed an answer to the tenants' counterclaim, and she subsequently filed a motion to amend her answer to the counterclaim on February 11, 2019, which motion was ultimately rendered moot by later proceedings.

In her complaint, Ms. Marzett alleged that, following the tenants' departure, an inspection of the subject property was performed; according to Ms. Marzett, that inspection disclosed property damage. Ms. Marzett further alleged that, in view of what the inspection had uncovered, the tenants were "in direct contravention of provision '4.' of the Lease and R.I.G.L. 34-18-24, [since the tenants] willfully, negligently, malicious[ly], unreasonably and deliberately did destroy, deface, damage and impair the property from it's [*sic*] move in condition * * *."

Subsequently, on October 30, 2018, the tenants filed a motion for summary judgment. On February 13, 2019, a justice of the Superior Court conducted a hearing on the tenants' motion and Ms. Marzett's objection thereto. At that hearing, the hearing justice questioned (as had the tenants' counsel) whether the Superior Court had jurisdiction to decide the matter. The hearing justice ultimately continued the matter to March 13, 2019 so as to give the parties an opportunity to provide written briefs on the issue of jurisdiction. When the parties reconvened on March 13, 2019, the hearing justice, after finding that the Superior Court lacked

- 3 -

jurisdiction over the matter, dismissed all claims and counterclaims.  Ms. Marzett timely appealed.

## II

## Standard of Review

We have stated that subject matter jurisdiction is "an indispensable ingredient of any judicial proceeding * * *."  *Sidell v. Sidell*, 18 A.3d 499, 504 (R.I. 2011).  Accordingly, the issue may be raised by the parties at any time, and it may be raised by the court *sua sponte*.  *Id.*  Importantly, when this Court is "confronted with determining the correctness of the Superior Court's decision" with respect to a ruling on the issue of subject matter jurisdiction, this Court conducts a *de novo* review.  *Long v. Dell, Inc.*, 984 A.2d 1074, 1078 (R.I. 2009).

## III

## Analysis

On appeal, Ms. Marzett argues that the hearing justice erred when she dismissed the case for lack of subject matter jurisdiction.  She specifically contends that, because the causes of action sounding in breach of contract and damage to property arise out of the *former* landlord-tenant relationship between the parties (as opposed to a presently existing relationship), they do not fall within the purview of

G.L. 1956 §§ 8-8-3(a)(2)[1] and 34-18-9[2] and, therefore, may be brought originally in the Superior Court. We are not persuaded by Ms. Marzett's contention.

After careful consideration of §§ 8-8-3(a)(2) and 34-18-9, we are of the opinion that the hearing justice properly dismissed the case for lack of subject matter jurisdiction. These two provisions of the General Laws make it abundantly clear that a cause of action between a landlord and a tenant which arises pursuant to one or more provisions of the Residential Landlord and Tenant Act, chapter 18 of title 34 (the Act), must first be commenced in the District Court (or in the appropriate housing court). We are satisfied that the acts and failings to act alleged in the complaint at issue fall within the just-mentioned statutory criteria and that the hearing justice properly ruled that the complaint should have been originally filed in the District Court.

---

[1]   General Laws 1956 § 8-8-3(a)(2) provides as follows: "The district court shall have *exclusive original jurisdiction* of * * * [a]ll actions between landlords and tenants pursuant to chapter 18 of title 34 [the Residential Landlord and Tenant Act] and all other actions for possession of premises and estates notwithstanding the provisions of subsection (c) of this section * * *." (Emphasis added.)

[2]   General Laws 1956 § 34-18-9 provides as follows: "The district or appropriate housing court of this state shall exercise jurisdiction in both law and equity over any landlord or tenant with respect to any conduct in this state governed by this chapter or with respect to any claim arising from a transaction subject to this chapter. In addition to any other method provided by rule or by statute, personal jurisdiction over a landlord or tenant may be acquired in a civil action or proceeding commenced in the court by the service of process in the manner provided by § 34-18-10(c)."

It is undisputed that the parties in this case had, for a period of almost three years, been in a landlord-tenant relationship.[3] It is further clear to this Court that the causes of action in the present case, which arose as a result of the rental agreement and subsequent relationship between the parties, fall squarely within the ambit of one or more provisions of the Act. *See, e.g.*, §§ 34-18-24, 34-18-36, 34-18-39. In particular, § 34-18-7 specifically provides that the Act "applies to, regulates and determines rights, obligations, and remedies under a rental agreement, wherever made, for a dwelling unit located within this state." Accordingly, we are of the opinion that the hearing justice acted appropriately in dismissing this case as a result of the Superior Court's lack of subject matter jurisdiction.

Ms. Marzett also argues on appeal that this Court's decision in *Errico v. LaMountain*, 713 A.2d 791 (R.I. 1998), is controlling with respect to the issue of subject matter jurisdiction. In that case, a tenant sustained serious injuries after she

---

[3] We are not swayed by Ms. Marzett's argument in favor of the Superior Court's exercise of subject matter jurisdiction which focuses on the fact that the defendants were *former* tenants due to the fact that they had vacated the premises prior to the filing of the complaint in this case. We would note that the plain language of the Act makes no distinction between current and former tenants, and it is certainly not our role to do what the Legislature has chosen not to do. *See Moretti v. Division of Intoxicating Beverages*, 62 R.I. 281, 286, 5 A.2d 288, 290 (1939) ("It is our duty to construe the statute, not to redraft it."); *see also Rhode Island Dairy Queen, Inc. v. Burke*, 101 R.I. 644, 647, 226 A.2d 420, 422 (1967) (stating that this Court "will go no farther than the [L]egislature has gone") (internal quotation marks omitted).

fell from the balcony of her second-story apartment as a result of her having leaned against a rotted balcony railing. *Errico*, 713 A.2d at 792. The tenant filed a negligence action against her landlord in Superior Court, and a jury eventually returned a verdict in the tenant's favor. *Id.* at 793. This Court ultimately affirmed the judgment of the Superior Court. *Id.* at 796. Ms. Marzett presently argues that, because the Superior Court in *Errico* exercised subject matter jurisdiction over a controversy between a tenant and her landlord, the Superior Court may also exercise subject matter jurisdiction over the landlord-tenant controversy in the present case. We are unpersuaded by Ms. Marzett's argument.

Ms. Marzett cites the *Errico* opinion not for any statements made therein by this Court, but rather for statements *not* made by this Court. Ms. Marzett relies entirely on the Court's *silence* on the issue of subject matter jurisdiction in arguing that the Court thereby tacitly acknowledged that jurisdiction was proper. We would emphatically emphasize that this Court speaks through its opinions on specific matters and not through its silence. And, although a court *may* raise *sua sponte* the issue of subject matter jurisdiction, this Court in *Errico* did not do so— nor was it required to do so. Subject matter jurisdiction was not mentioned or alluded to even once in *Errico*. In view of those "sounds of silence," that case has no bearing on the jurisdictional question before us in the present case. In the pithy

- 7 -

and wise words of the trial justice, "*Errico* is * * * not determinative of the question of jurisdiction in this case."

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the order of the Superior Court. The record may be returned to that tribunal.


Justice Flaherty participated in the decision but retired prior to its publication.


Justice Lynch Prata and Justice Long did not participate.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Latonya Marzett  v. Amanda Letendre, alias, et al. |
| **Case Number** | No. 2019-186-Appeal.<br>(PC 17-1994) |
| **Date Opinion Filed** | March 10, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Steven A. Robinson, Esq. |
| | For Defendant:<br><br>Nicole M. Labonte, Esq. |